## Case No. 16,402.

### UNITED STATES v. STEWART.

[4 Wash. C. C. 226.] 1

Circuit Court, D. Pennsylvania. April Term, 1818.

#### COUNTERFEITING—BANK NOTES.

Counterfeiting an indorsement on a post note of the Bank of the United States, is not an offence under the eighteenth section of the act incorporating the Bank of the United States [3 Stat. 275].

[This was an indictment against Charles Stewart upon the charge of counterfeiting, under the act of congress incorporating the Bank of the United States.]

WASHINGTON, Circuit Justice. There are two motions before the court: (1) For a new trial; and (2) in arrest of judgment.

The indictment contains four counts. The two first are for forging a bill or note of the Bank of the United States, and for attempting to pass the same. The third is for falsely making and counterfeiting an order on the said bank, indorsed by the defendant upon the said bill, as follows, viz.: "Pay William Weston or order;" signed "John Thornton." The fourth is for falsely altering a bill or note of the said bank, by the

1 [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

same indorsement. The bill or note, stated in the indictment, and given in evidence, is a post note of the Bank of the United States, payable to William Jenner & Co. or order, for one hundred dollars, with the following indorsements on the back of it, viz.: "Pay Mackie, Milner & Co. or order. William Jenner & Co." "Pay William Jenner & Co. Mackie, Milner & Co. William Jenner & Co." "Pay Churchman and Thomas or order. D. Bell." "Pay William Morton or order. John Thornton." The forgery of the last indorsement by the defendant was fully proved. The evidence which was given on the trial, applied only to the third count; and the question is, whether the false indorsement made by the defendant, is an offence within the eighteenth section of the law for incorporating the subscribers to the Bank of the United States, passed the 10th of April, 1816. It is perfectly clear, I think, that it does not amount to a forgery, or alteration of the bill or note itself, which is the sole act of the corporation, and contains its promise to pay; whereas the indorsement is the separate act of a person claiming a right to the note.

Does the indorsement upon a note or bill of exchange, requiring the contents to be paid to a third person, amount to an order, within the meaning and intent of the act of congress? I think not. A bill of exchange is said to be an order by the drawer upon the drawee, to pay the contents to the payee. It is also, and with equal propriety, called an assignment to the payee of so much money in the hands of the drawee. I am not disposed to fall out with either of these definitions. But there can be no doubt, that the indorsement upon a bill or note, directing the contents to be paid to the indorsee, amounts to nothing more than the assignment of a mere chose in action; and whether it be made in the form of an assignment, or of an order, its nature is the same. That the act did not intend, by the word "order," to include an assignment of a bank note, may be fairly presumed from the work "check," with which it is associated; the latter meaning, in common parlance, a draft payable to "bearer," and it was on that account, probably, that the word was added.

I am strongly confirmed in this construction of the act of congress, by observing, that the statutes of England against forgery of negotiable papers of almost every kind, extend, by express words, to the indorsements made on them. Such, for instance, is the statute of 15 Geo. II. c. 13, against forging the notes of the Bank of England, or bills of exchange, or bonds under the seal of the corporation, or "any indorsement thereon." Such are the statutes of 12 Geo. I. c. 2, as to East India bonds; 12 Geo. I. c. 32, as to the moneys of suitors in chancery; 42 Geo. III. c. 1, as to exchequer bills; and 2 Geo. II. c. 25, as to deeds, bonds, bills, notes or receipts. And it is observable that the statute of 45 Geo. III. c. 88, not only includes the forgery of bills and notes, and the

indorsements or assignments thereof, but also any warrant or order, for payment of money. I admit that these provisions in the English statute, are by no means conclusive of this point. But as the nature of negotiable paper is as well understood in England, as in any country in the world, the care taken in those statutes to punish forged indorsements, proves, at least, that the legislature of that country has not thought that the word order would be sufficient for the purpose. As the evidence given at the trial applied only to the indorsement, which, in the opinion of the court, is not an offence within the act of congress, the judgment must be arrested.