### WEBSTER v. UNITED STATES.

#### No. 9178.

Circuit Court of Appeals, Eighth Circuit.

May 5, 1932.

Rehearing Denied June 24, 1932.

John D. Wendorff, of Kansas City, Mo., for appellant.

A. B. Lovan, Asst. U. S. Atty., of Kansas City, Mo. (Willliam L. Vandeventer, U. S. Atty., and S. M. Carmean, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for the United States.

Before STONE and BOOTH, Circuit Judges, and Wyman, District Judge.

WYMAN, District Judge.

On November 5, 1929, appellant was indicted in the District Court of the United States for the Western District of Missouri. The indictment consists of two counts, and upon the trial the jury returned a verdict of not guilty as to count 1, and guilty as charged in count 2. Thereupon the appellant was sentenced to imprisonment in the penitentiary for a term of three years and fined in the sum of $2,500. From the judgment and sentence thus imposed appellant has appealed to this court.

While there are numerous assignments of error, they all relate to one of three contentions argued and relied upon by appellant, to-wit: (1) Insufficiency of the indictment; (2) insufficiency of the evidence to sustain the verdict; (3) error in the court's instruction to the jury.

The sufficiency of the indictment was not challenged by demurrer, motion to quash, or otherwise prior to or during the trial; but at the close of the government's case the defense interposed a separate motion as to each count of the indictment for an order discharging the defendant for the reason that the evidence failed to show the defendant guilty of the offense charged. These motions were denied by the trial court and were renewed with a like result at the conclusion of all of the evidence.

Count 2 of the indictment reads as follows: "Second Count. And the grand jurors aforesaid, upon their oaths aforesaid, do further present and charge that the said Edward F. Webster, before and at the time of the committing of the offense hereinafter next mentioned at the City of Kansas City, Jackson County, Missouri, aforesaid, had in his possession a certain obligation and securi-

585

ty of the United States, that is to say, a certain United States Veterans' Bureau check dated April 23, 1928, at Washington, D. C., drawn on the Treasurer of the United States, payable to Mrs. W. Tyree, c/o Edward Webster, 1035 Wyandotte Street, Kansas City, Mo., for the amount of seventeen hundred one ($1,701.00) dollars, and signed Wm. H. Holmes, Disbursing Clerk, by E. Murray, Deputy Disbursing Clerk, numbered 178,543, on the back of which obligation and security last mentioned at the time when the said Edward F. Webster so had the same in his possession as aforesaid, was a certain falsely made and forged endorsement in writing, of the tenor following, to-wit: 'Mrs. W. Tyree,' and that the said Edward F. Webster, so having in his possession the obligation and security last aforesaid, with the said falsely made and forged endorsement thereon written as aforesaid, on the 29th day of June, 1928, at Kansas City, Jackson County, Missouri, aforesaid, feloniously did utter and pass the said obligation and security so bearing the said falsely made and forged endorsement with intent to defraud the New England National Bank & Trust Company of Kansas City, Missouri, the Fidelity National Bank & Trust Company of Kansas City, Missouri, the United States of America, Mrs. W. Tyree, and divers others persons to the grand jurors unknown, he, the said Edward F. Webster, then and there well knowing the said falsely made and forged endorsement upon the said obligation and security of the United States; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

It appears from an examination of the record that the indictment was drawn and all the proceedings thereunder had under the mistaken theory that the allegations set forth in count 2 constituted an offense under section 265, title 18, USCA (formerly section 5431, Rev. St. now section 151, Criminal Code), which reads as follows: "§ 265. (Criminal Code, section 151.) Uttering forged obligations. Whoever, with intent to defraud, shall pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell, or shall bring into the United States or any place subject to the jurisdiction thereof, with intent to pass, publish, utter, or sell, or shall keep in possession or conceal with like intent, any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more

than $5,000 and imprisoned not more than fifteen years."

It will be observed that the offense defined by the statute above quoted deals with the possession, passing, uttering, publishing, etc., with intent to defraud, of any falsely made, forged, counterfeited, or altered *obligation or other security of the United States.* The words, "Obligation or other security of the United States" are defined by section 261, title 18, USCA (section 147, Criminal Code), which reads as follows: Section 261. (Criminal Code, § 147.) "Obligation or other security of the United States" defined. The words "obligation or other security of the United States" shall be held to mean all bonds, certificates of indebtedness, national bank currency, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States, stamps, and other representatives of value, of whatever denomination, which have been or may be issued under any act of Congress.

This court has consistently held that an assignment or indorsement affixed to the genuine draft, check, or other security or obligation of the United States is no part of the instrument to which it is affixed and, therefore, the passing or uttering of such a security or obligation with a forged, false, or counterfeited assignment or indorsement affixed thereto, does not constitute the offense defined by the above-quoted section 265, title 18, USCA; Gesell v. U. S. (C. C. A.) 1 F.(2d) 283; Lewis v. U. S. (C. C. A.) 8 F.(2d) 849.

Because of the conflict between the decisions of this court and the Court of Appeals of several other circuits upon this question, the judgment of the Circuit Court of Appeals of the Second Circuit sustaining an indictment in United States v. Prussian, 42 F.(2d) 854, was reviewed by the Supreme Court of the United States, which resulted in a decision of that court to the effect that "a forged endorsement of the payee's name on a genuine government draft is not a forgery of an 'obligation of the United States,' within the meaning of § 148 of the Criminal Code, (R. S. § 5414 [18 USCA § 262])." Prussian v. United States, 282 U. S. 675, 51 S. Ct. 223, 75 L. Ed. 610.

While it is true that in the Prussian case the Supreme Court dealt specifically with

586

section 148 of the Criminal Code, section 262, title 18, USCA, which prescribes the punishment for those who, with intent to defraud, falsely make, forge, counterfeit, or alter any obligation or other security of the United States, and made no reference to section 151, Criminal Code, section 265, title 18, USCA which, among other things, prescribes the punishment for those who "with intent to defraud, shall pass, utter, publish, or sell * * * any falsely made, forged, counterfeited, or altered obligation or other security of the United States," it is obvious, by reason of the identity of the language used in the two sections of the statute and the history and purpose of the legislation, that the reasoning and effect of this decision of the Supreme Court applies with equal force to both sections of the statute referred to above. It follows that under the well-settled law the passing or uttering of a genuine obligation or other security of the United States having a false, forged, counterfeited, or altered assignment or indorsement affixed thereto or written thereon, with intent to defraud, does not constitute an offense under the provision of section 265, title 18, USCA (section 151 Criminal Code).

█ While the indictment before us cannot be sustained as charging an offense under section 265, title 18, USCA, we are convinced that the allegations of the indictment sufficiently charge an offense under section 73, title 18, USCA (section 29, Criminal Code) which, among other provisions, contains the following: "Whoever shall * * * cause to be uttered or published as true, any such false, forged, altered or counterfeited deed, power of attorney, order, certificate, receipt, contract, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited * * * shall be fined not more than $1,000 and imprisoned not more than ten years."

█ The indictment specifically charges that the accused did pass and utter a certain obligation of the United States with a certain falsely made and forged indorsement written thereon with intent to defraud the United States of America. We are satisfied that the broad language of the statute is designed to punish those who, with intent to defraud the United States, pass or utter any forged, false, altered, or counterfeited writing. The indictment specifically charges that the indorsement was such a writing; that accused well knew the same to be forged and falsely made; and that he did pass and utter

the same with intent to defraud the United States of America. These allegations constitute a statement of an offense under the section quoted last above. The fact that the offense is not stated in the exact language of the statute is immaterial so long as the essential elements of the offense are charged.

█ As to appellant's contention that the evidence is insufficient to sustain the verdict, if there is any substantial evidence in the record sustaining the allegations of the indictment, the verdict of the jury should not be disturbed on appeal. After a careful consideration of the record we are convinced that there is ample evidence of appellant's guilt, if believed by the jury, to justify the conviction.

█ It will be observed that the indictment charges that the forged writing was passed and uttered by accused with intent to defraud the New England National Bank & Trust Company, the Fidelity National Bank & Trust Company, the United States of America, Mrs. W. Tyree, and divers other persons to the grand jurors unknown, and as a part of the charge to the jury the court made the following statement: "It is not necessary for you to find that he intended to defraud all of these people. If you find that he uttered this instrument with intent to defraud any one of them." It is now urged by appellant that if the indictment is to be sustained as stating an offense under section 73, title 18, USCA, the portion of the court's instructions quoted above constitutes reversible error because one of the essential elements of that offense is the intent to defraud the United States of America, and that, under the part of the charge complained of, the jury were misled as to the law and might have arrived at a verdict of guilty upon a finding of intent to defraud any party named in the indictment other than the United States of America. No exception was taken to this portion of the charge, although the record discloses that upon the conclusion of the court's instructions the matter of exceptions to the charge was called to the attention of counsel for appellant and every opportunity was afforded to him to save such exceptions as he deemed necessary, and at his request certain additions were made to the instructions by the court, after which counsel for appellant stated, "I think I have no further suggestions," and expressed himself as satisfied with the record in this regard. In dealing with a somewhat similar situation, the Supreme Court of the United States in Boyd v. United States, 271 U. S. 104, 46 S.

Ct. 442, 443, 70 L. Ed. 857, used the following language: "With that addition the charge elicited no criticism or objection from the defendant, although there was full opportunity therefor. It evidently was regarded as consistent and satisfactory. Besides, in view of what was said in other parts of the charge, we are justified in assuming that, had the court's attention been particularly drawn at the time to the part complained of now, it would have been put in better form. Certainly, after permitting it to pass as satisfactory then, the defendant is not now in a position to object to it."

The rule applicable to the assignment of error now under consideration is well stated by the Supreme Court of the United States in Allis v. United States, 155 U. S. 117, 15 S. Ct. 36, 38, 39 L. Ed. 91, where the following language is used: "Evidently the claim of coercion is an afterthought from subsequent study of the record. But it is settled that no such afterthought justifies a reviewing court in reversing the judgment. A party must make every reasonable effort to secure from the trial court correct rulings or such at least as are satisfactory to him before he will be permitted to ask any review by the appellate tribunal; and to that end he must be distinct and specific in his objections and exceptions. Rule 4 of this court provides: 'The party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts; and those matters of law, and those only, shall be inserted in the bill of exceptions and allowed by the court.' Repeated decisions have emphasized the necessity of a strict adherence to this rule. 'However it might pain us to see injustice perpetuated by a judgment which we are precluded from reviewing by the absence of proper exceptions to the action of the court below, justice itself and fairness to the court which makes the rulings complained of, require that the attention of that court shall be specifically called to the precise point to which exception is taken, that it may have an opportunity to reconsider the matter and remove the ground of exception.' Harvey v. Tyler, 2 Wall. 328, 339 [17 L. Ed. 871]."

■ An erroneous instruction, in the absence of proper and timely exception, does not entitle one to a review on appeal as a matter of right, and it is only in cases where plain error, manifestly vital to appellant's substantial rights, has been committed and which, if left uncorrected, would result in serious injustice, that an appellate court is justified in noticing and reviewing the same, where the record discloses that the question is not raised by proper exception. Stassi v. United States (C. C. A.) 50 F.(2d) 526, and cases cited.

We are satisfied that under all of the facts and circumstances disclosed by the record now under consideration, the language in the court's instructions which is the subject of complaint, while undoubtedly erroneous, could not have resulted in serious injustice to appellant. It is true that under the statute intent to defraud the United States is an essential element of the offense, but the defense in this case appears to have been directed entirely to an effort to prove that the instrument or writing was not, in fact, forged, and the matter of intent, while essential, was evidently regarded by all parties concerned as of secondary importance. This is evidenced by the following statement of the court which was acquiesced in by counsel for appellant during the trial:

"The Court: Of course, you can't comment on the defense, if he didn't do it, but if he did do it, there is no defense. Your contention is that he didn't do it. Now, the question of intention is not involved here.

"Mr. Wendorff: That is right."

The court also properly charged the jury as follows: "On the question as to whether he intended to defraud, every person is presumed to intend the natural and probable consequences of his own act."

There is nothing about the case to indicate that the error complained of could have or did in any way result in such a miscarriage of justice or serious prejudice to the substantial rights of the appellant as to justify a reversal of the judgment of conviction.

■ By the sentence imposed appellant was committed to the United States Penitentiary at Leavenworth, Kan., for a term of three years, and fined in the sum of $2,500. The fine imposed is in excess of the maximum fine provided by the statute. Section 73, title 18, USCA. This error in the sentence should be corrected by a reduction of the fine to an amount within that provided by the statute.

The case is remanded to the District Court, with instructions to modify the judgment and sentence as herein suggested, and the judgment as so modified is affirmed.