### DE MAUREZ v. SWOPE, Warden.

Circuit Court of Appeals, Ninth Circuit.
June 14, 1939.

Raymond O. De Maurez, in pro. per.

No other appearances entered.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

## WILBUR, Circuit Judge.

Petitioner seeks permission of this court to prosecute an appeal in forma pauperis from orders of the United States District Court for the Western District of Washington, Southern Division, made "on March 20, 1939, and April 20, 1939", denying a hearing on a writ of habeas corpus filed by petitioner. In his petition herein, petitioner states that he alleged in his petition for writ of habeas corpus before the lower court that he had been convicted and sentenced by the District Court of the United States for Oregon, but that he was arraigned and forced to plead upon the indictment without counsel; that he "requested to be permitted to have his counsel present upon said proceeding to advise him", which request was denied. Petitioner also alleges that "after sentence, appellant was unable to secure further assistance of counsel for the purpose to move the court for a new trial, or to take on appeal, and that upon motion of appellant for time to secure counsel to make motion for new trial, or to take an appeal was denied appellant by the trial judge from the judge's chambers."

Permission to prosecute an appeal in forma pauperis is not of right, but is discretionary. 28 U.S.C.A. § 832; Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Whittle v. St. Louis & S. F. R. Co., 8 Cir., 104 F. 286; Boggan v. Provident Life & Accident Ins. Co., etc., 5 Cir., 79 F.2d 721; Phillips v. McCauley, 9 Cir., 92 F.2d 790; De Groot v. United States, 9 Cir., 88 F.2d 624. It seems clear from the petition before this court that upon the arraignment the petitioner pleaded not guilty and was thereafter represented by an attorney upon the trial. Under these circumstances petitioner was not prejudiced by his plea made, as he claims, in the absence of his attorney and his allegations on this point present no grounds for issuance of a writ of habeas corpus because of a denial of due process. Garland v. State of Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772. This case overruled the decision of the Supreme Court in Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1007, relied upon by petitioner.

The petitioner's allegation that he was "unable to secure further assistance of counsel" does not disclose circumstances justifying issuance of a writ of habeas corpus. Counsel for petitioner may have been of opinion that motion for new trial or an appeal would have been useless. Under the Criminal Appeals Rules, 28 U.S.C.A. following section 723a, motion for new trial must be made within three days after verdict or finding of guilt (Rule II(2), and an appeal must be taken within five days (Rule III). From all that appears from his petition, petitioner's motion "for time to secure counsel to make motion for new trial or to take an appeal" was made after this time had expired. Petitioner does not show that he was deprived of benefit of counsel. Due process of law does not require that the trial court see to it that a defendant's attorney makes a motion for a new trial and perfects an appeal. An appeal is not necessary to due process of law. State v. Sorrentino, 36 Wyo. 111, 253 P. 14; Haywood v. United States, 7 Cir., 268 F. 795; Applebaum v. United States, 7 Cir., 274 F. 43; McCue v. Commonwealth, 103 Va. 870, 49 S.E. 623; Allen v. State of Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L. Ed. 949. The petition before this court does not disclose that the petition for writ of habeas corpus presented to the trial court had merit. The application to prosecute an appeal in forma pauperis is therefore denied.