**Ex parte DEMAUREZ.**

Circuit Court of Appeals, Ninth Circuit.
Aug. 16, 1939.

Raymond O. Demaurez, in pro. per.

WILBUR, Circuit Judge.

The petitioner, acting in propria personam, presents a voluminous document, one hundred and forty typewritten pages, containing an application for a writ of habeas corpus, addressed to the · Senior Circuit Judge, an application to proceed in forma pauperis, and a petition for a writ of certiorari, also addressed to the Senior Circuit Judge. He alleges that his petition for a writ of habeas corpus was denied by the United·States District Court for the Western District of Washington, and that leave to appeal therefrom in forma pauperis was denied by this Court June 14, 1939, and that a subsequent motion to the trial court, for leave to amend and supplement the petition for habeas corpus was denied. The burden of the petitioner's complaint, namely, that he was required to plead, and did plead, "not guilty" without the assistance of counsel, who appeared at the trial, has already been passed on by this Court. De Maurez v. Swope, 9 Cir., 104 F.2d 758, June 14, 1939.

Petitioner also states that his trial, which was set for April 21, 1937, was not called until April 27, 1937; that he excused some of his witnesses, who, against the advice of his attorney, he had requested to attend and who were present on April 21, and that these witnesses returned to their home at Roseburg, Oregon, and consequently were not present when the case was called for trial. His attorney was no doubt fully advised as to the date of trial and of the presence of such witnesses.

The petitioner acted on his own motion in excusing the witnesses.

The petitioner claims that the indictment against him did not state an offense. The offenses charged were the forgery of the indorsement of the name of the payee upon a check drawn against the Treasurer of the United States, containing the statement "Object for which drawn Civil Service Retirement," and the uttering of the check, with its forged indorsement. The forging of the indorsement of the payee on the check was covered by 18 U.S.C.A. § 73, and the uttering of the forged check, charged in the second count, was a separate offense and also covered by 18 U.S.C.A. § 73.

See Prussian v. United States, 282 U. S. 675, 51 S.Ct. 223, 75 L.Ed. 610.

There is no merit in the petition for a writ of habeas corpus and the application is denied.

The remedy for a denial of an application for habeas corpus in the United States District Court is by an appeal to the United States Circuit Court of Appeals. The application to appeal in forma pauperis has been denied by this Court, because without merit. Petitioner again seeks to review the order of the District Court denying his application for release on habeas corpus by petitioning for a writ of certiorari. The remedy is by appeal and in this Court, not by certiorari.

Petitions denied.