## DEMAUREZ v. SQUIER.

Circuit Court of Appeals, Ninth Circuit.
July 28, 1941.

Raymond O. Demaurez, in pro. per.

No appearance for respondent.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner seeks to prosecute an appeal in forma pauperis from an order of the District Court for the Western District of Washington denying his application for writ of habeas corpus. His application to prosecute his appeal in forma pauperis has been denied by the District Court for lack of merit. He now asks us to grant such leave, notwithstanding the denial by the District Court.

Petitioner states he was brought before a jury and convicted on two counts of an indictment, the first charging him with forging an endorsement upon a check issued against the United States treasury for the sum of $124.77 payable to the order of Whitfield Levi Ruhl; the second count charging him with the offense of publishing and uttering said check with its forged endorsement.

Petitioner was sentenced to a term of ten years with a fine of $500 on the first count, and to five years with a fine of $500 on the second count, the term of imprisonment on the second count to commence to run upon the termination of the sentence imposed upon the first count.

Petitioner claims that the sentence of ten years upon the first count was void because in excess of the jurisdiction of the court and that he had already served the sentence imposed upon the second count of the indictment, counting allowances for good conduct, as provided by 18 U.S.C.A. § 710. Petitioner contends that the trial court assumed that the offenses charged were violations of 18 U.S.C.A. § 73, Cr. Code, § 29, whereas, he claims that the offenses charged in the indictment were forging and uttering the endorsement upon a pension check of the United States and that the penalty for such offenses provided by ch. 301, § 4, 37 Stat. 313, 38 U.S.C.A. § 128, is a maximum of five years and a fine of $1,000 for each offense.

The Supreme Court in Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610, has held that the phrase "or other writing" contained in 18 U.S.C.A. § 73, Rev.Stat. § 5421; March 4, 1909, c. 321, § 29, 35 Stat. 1094, is broad enough to include the forging of an endorsement upon any check payable by the Treasury of the United States. On August 17, 1912 Congress passed an act defining the crimes of publishing and of uttering forged endorsements upon pension checks, c. 301, § 4, 37 Stat. 313, 38 U.S.C.A. § 128. Appellant's contention is that the checks described in the indictment were pension checks within the meaning of the latter act and, consequently, the maximum penalty for either forging or uttering such an endorsement could not exceed the term of five years and fine of $1,000.

Whether or not the check in question was a pension check or a writing coming within the provisions of the earlier act, 18 U.S.C.A. § 73, supra, cannot properly be considered by this court upon this application for writ of habeas corpus for the reason that in either view the cumulative sentence imposed upon the petitioner is good for a term of ten years. Until the petitioner has served that term he cannot seek release by habeas corpus on the theory that the cumulative sentence of fifteen years was excessive and void as to the first count. The reasons for this situation will now be more fully stated.

962

■ ˙ The offense of forging and the offense of uttering a forged writing in violation of 18 U.S.C.A. § 73, supra, are separate and distinct offenses. As stated by the Circuit Court of Appeals for the Eighth Circuit in Beddow v. United States, 70 F.2d 674, 676: "The statute here involved (18 U.S.C.A. § 73) denounces three offenses, forgery, uttering, and presentation for payment", citing United States v. Fout, D.C.Mo., 123 F. 625, 636; United States v. Hartman, D.C.Mo., 65 F. 490, also, see Reid v. Aderhold, 5 Cir., 65 F.2d 110, certiorari denied, 290 U.S. 676, 54 S. Ct. 104, 78 L.Ed. 584, which involved a similar section of the code of the District of Columbia.

■ Similarly, both the forgery and the uttering of a forged endorsement of a pension check are denounced by the provisions of 38 U.S.C.A. § 128, supra. Consequently, if we assume without deciding that the contention of the petitioner is correct and that the offenses charged against him were a violation of 38 U.S.C.A. § 128, supra, the court clearly had jurisdiction to impose the sentence of five years upon the second count and five years upon the first count. The fact that the court imposed a sentence of ten years upon the first count does not render that sentence void except as to the alleged excess of five years. Smith v. Johnston, 9 Cir., 83 F.2d 821; Hall v. Johnston, 9 Cir., 86 F.2d 820; Ex parte, Melendez, 9 Cir., 98 F.2d 791; Verheul v. Johnston, 9 Cir., 99 F.2d 757; Id., 9 Cir., 121 F.2d 959, decided July 18, 1941; Cf., McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Holiday v. Johnston, decided May 26, 1941, 61 S.Ct. 1015, 85 L.Ed. ——, wherein the Supreme Court declined to interfere upon habeas corpus with an excessive sentence prior to the expiration of a full sentence, although the purpose of filing such a petition was to get an interpretation of a sentence which might result in the applicant's release on parole prior to the expiration of his sentence.

■ The appeal from the order of the trial court refusing to release the petitioner on habeas corpus is without merit and, consequently, the application for leave to proceed in forma pauperis upon such appeal under the provisions of 28 U.S.C.A. § 832 is denied, without prejudice to the above-stated claim of petitioner that the sentence on the first count was excessive.