## UNITED STATES v. DE MAUREZ.

### No. C–15097.

District Court, D. Oregon.

July 12, 1943.

Carl C. Donaugh, U. S. Atty., and J. Mason Dillard, Asst. U. S. Atty, both of Portland, Or., for plaintiff.

Leroy Lomax, of Portland, Or., for defendant.

JAMES ALGER FEE, District Judge.

Raymond O. DeMaurez has forwarded to the Clerk of this court a motion "to amend and correct the judgment sentence now of record" in this cause "to make the same speak the truth" and to "conform to statute in such cases made and provided". The Clerk of this court did not place the motion on file as it was not accompanied by a filing fee. No motion has been filed to allow DeMaurez to proceed in forma pauperis on this motion. The matter was presented by Mr. Leroy Lomax, who was counsel by appointment of the court for DeMaurez in the trial, on the record. The court has not power to pass upon a motion which has not been filed in regular order.

However, when a suggestion is made to the court that a sentence in a criminal case exceeds the limits provided by the statute and is thereby to that extent void, a court is in duty bound to consider the matter to determine whether or not justice has been done.

The contention of DeMaurez may be well stated in the language of the Circuit Court of Appeals of the Ninth Circuit[1] in dealing with a previous complaint of the same petitioner as follows: "Petitioner claims that the sentence of ten years upon the first count was void because in excess of the jurisdiction of the court and that he had already served the sentence imposed upon the second count of the indictment, counting allowances for good conduct, as provided by 18 U.S.C.A. § 710. Petitioner contends that the trial court assumed that the offenses charged were violations of 18 U.S.C.A. § 73, Cr.Code § 29, whereas, he claims that the offenses charged in the indictment were forging and uttering the endorsement upon a pension check of the United States and that the penalty for such offenses provided by ch. 301, § 4, 37 Stat. 313, 38 U.S.C.A. § 128, is a maximum of five years and a fine of $1,000 for each offense." The same contention is raised by the present motion.

DeMaurez was tried and convicted in the United States District Court for the District of Oregon, before the writer of this opinion as District Judge and a jury, in 1937. Counsel was provided for defendant by appointment.

During this trial, a motion for dismissal was made by counsel for defendant upon the ground that the indictment did not state a crime. The court was impressed by the argument and the opinion cited and stated that if the case were still the law it was

---

[1] DeMaurez v. Squier, 121 F.2d 960, 961.

probable motion should be granted. The United States Attorney cited Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610. This case holds that the indictment was properly drawn under 18 U.S.C.A. § 73. The court therefore refused to dismiss the indictment thus deliberately deciding the point now raised by this motion as to the application.

After a verdict of conviction, sentence was imposed on Count One of the indictment, a fine of $500 and imprisonment for a term of ten years and from and after the expiration of said term, on Count Two of the indictment defendant was to be imprisoned for a term of five years and to pay a fine of $500, a total sentence of 15 years imprisonment and $1,000 fine. The court at that time determined that the statute relating to the forging and uttering of government documents, 18 U.S.C.A. § 73, was applicable; that forging and uttering under that statute constituted separate and distinct crimes for which cumulative penalties could be imposed, and that, therefore, a maximum penalty of imprisonment for 20 years and a fine of $2,000 could have been upheld. These rulings also were made following the opinion in the case of Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610.

The court took into consideration in sentencing DeMaurez, the following record:

1–3/24. Chehalis, Washington PD. # ——. as Oswald DeMaurez; forgery. Released.

12–3/26. Spokane, Washington PD # 6739, as Oswald Raymond DeMaurez. Stolen property in possession.

1–29–27. Washington State Reformatory #5378, as Oswald DeMaurez: Grand Larceny from Spokane County for 1 to 15 years. Paroled 1–5/28. Violated parole 3–5/28.

3–5–28. Roseburg, Oregon #—— as Oswald Raymond DeMaurez; forgery.

6–9/28. Oregon State Pen. #10333, as O. R. DeMaurez; uttering and publishing a forged bank check, from Douglas County for 3 years. Dis. 6–7/30.

4–1/32. San Francisco, California PD. #46863, as Oswald Raymond DeMaurez; vagrancy. Disposition not given.

It will be noticed that DeMaurez already had been sentenced once to a term the high limit of which was 15 years, but the judgment was not carried out. Inasmuch as this first sentence was pronounced under a statute providing for an indeterminate period under the supervision of an administrative board, the results of such legislation may be checked. If instead of releasing DeMaurez he had been retained until he actually had been rehabilitated, society would have been spared the pursuit, apprehension and conviction for two other known offenses. Instead, the Washington board did not have DeMaurez returned after expiration of his sentence in Oregon notwithstanding the fact that they were thereby advised that he was a recidivist.

This is an example of returning a man to society in such a manner that he will be perfectly positive that whatever he does and however often he commits crime, he will only be confined for a short length of time. The machinery of criminal justice in this country is clogged with men who have each been convicted of a large number of crimes and who have been similarly convinced that in their cant they can "pay their debt to society" for any known crime in a minimum of time.

At the time of the trial and sentence of DeMaurez in this court, the government was sending numerous checks of Works Progress Administration throughout the state of Oregon. Many of these checks were being left in open mail boxes and constituted an invitation to persons predisposed to forgery to commit such violations of the statute. In order to assure persons so disposed to commit the crime of forgery that violations of this type would not be condoned, the court at that period imposed not only this sentence but also severe sentences for like offenses. This policy was effective and within a short time thereafter, violations of this sort in the District of Oregon practically ceased.

Vindictive justice is not an end. Punishment should be a corrective and the end should be to restore a man to society, when he has evinced tendencies which indicate he will be reasonably sure not to commit crime again. As many theorists can demonstrate, the American penal system is indefensible. But it must be remembered, at present this much maligned system is the only bulwark of society against the depredations of men some of whom are irreclaimable. The best safeguard against injustice to the individual is an utterly fair trial, a proper sentence and certainty of punishment. Thereafter, the man should be restored to society when his criminal tendencies have been purged.

A sentence cannot be judged outside its context. This court discusses this question as to the severity of sentence, because, apparently, some one has encouraged this defendant to believe that the sentence was unjust and that by persistence he could have the same modified or set aside. Ample opportunity has certainly been afforded to him to present his views and pleas. The result of this attitude has been a deluge of correspondence, petitions and pleas for executive clemency addressed to ·the United States Attorney and to the court, besides numbers of motions, petitions for writs of habeas corpus, motion for a correction of sentence and numerous other legal proceedings in every available court. Misleading forms of affidavits were circulated among members of the jury who tried DeMaurez and in one instance a juror did sign one of them and swear to it.

The first petition for a writ of habeas corpus was filed in the United States District Court for the Western District of Washington, Southern Division, and heard in March and April, 1939, and there denied. See DeMaurez v. Swope, 9 Cir., 104 F.2d 758. A petition to prosecute an appeal in forma pauperis from denying this hearing on the writ of habeas corpus was denied in the Circuit Court of Appeals for the Ninth Circuit on June 14, 1939. DeMaurez v. Swope, 104 F.2d 758. A petition for habeas corpus was presented to the Circuit Court of Appeals for the Ninth Circuit and denied by opinion August 16, 1939. Ex parte DeMaurez, 106 F.2d 457. There was presented before the Circuit Court of Appeals for the Ninth Circuit a petition of DeMaurez for writ of habeas corpus against E. B. Swope, Warden, United States Penitentiary, McNeil Island, Washington, and application to proceed in forma pauperis. Both these were denied by opinion of March 1, 1940. DeMaurez v. Swope, Warden, 9 Cir., 110 F.2d 564. A petition for a writ of habeas corpus was presented to the District Court of the Western District of Washington early in 1941, and was there denied. An application to prosecute an appeal in forma pauperis was denied by that court for lack of merit. See DeMaurez v. Squier, 9 Cir., 121 F.2d 960. Thereupon, DeMaurez petitioned the Circuit Court of Appeals for the Ninth Circuit for leave to appeal in forma pauperis, notwithstanding the denial by the District Court. This application was denied July 28, 1941. DeMaurez v.

Squier, 9 Cir., 121 F.2d 960. Motions were then filed in the Supreme Court of the United States for leave to proceed further in forma pauperis and a motion for leave to file a petition for writ of certiorari. The latter motion was granted. The motion for leave to proceed in forma pauperis was denied. The petition for writ of certiorari to the Circuit Court of Appeals for the Ninth Circuit was denied October 20, 1941. Ex parte Raymond Oswald De-Maurez, 314 U.S. 661, 62 S.Ct. 122, 86 L. Ed. 530. On December 15, 1941, in the Supreme Court of the United States a motion for leave to file petition for rehearing was granted and the petition for rehearing was denied. Ex parte Raymond Oswald DeMaurez, 314 U.S. 714, 62 S.Ct. 364, 86 L.Ed. 569.

Besides these applications and numerous other informal petitions, a motion to proceed in forma pauperis and an application for the correction of the sentence heretofore imposed, were filed in this court in the month of January, 1941. Inasmuch as one of the applications in the file showed that DeMaurez himself had at one time requested a modification of the sentence on the ground that he would be deported to Canada at the conclusion of the allotted term, the court did not permit the filing of the affidavit in forma pauperis. However, the court did carefully consider and rule upon the merits of the petition. The court said at that time: "It is again urged that 18 U.S.C.A. § 73 does not cover the facts in this case. That point was likewise dealt with in Ex parte DeMaurez, supra, and a contrary position taken and reliance was placed upon Prussian v. United States, supra. It is urged since the check was drawn on the Civil Service Retirement Fund that a specific statute bearing a less penalty applied. See 38 U.S.C.A. § 128. But that statute relates to 'pension checks', whereas the check here involved was not a 'pension check', but one issued under Title 5 U.S.C.A. Chapter 14. However, it is an obligation of the United States, even if contributions to the fund had been previously collected from employees of the government, according to regulation. Therefore, the regular statute applies."

The present petition contains no new ground nor contention and, therefore, even if properly filed it would be denied.

█ The court fully considered the relation of the statute to the indictment and the sentence. The questions here raised

were expressly passed upon at the time although 38 U.S.C.A. § 128 was not specifically called to the attention of the court. Since these rulings were made in the course of the criminal case, each was subject to appeal. Even if erroneous, neither can be set aside in this court or any other since these are now res judicata and all other rights of defendant were observed and protected in the course of a fair trial.

Specifically, the court of its own motion finds no reason to set aside the sentence on the ground that the statute furnishes no foundation therefor. Furthermore, as at present advised, the court is of opinion that the sentence was and is an appropriate one for the crime, considering the circumstances of the case, the situation with regard to law enforcement, the protection of society and the background and tendencies of the defendant.

If power and procedure were provided, the court would hear evidence to determine whether the sentence should be carried out further, but the law, at present, gives the court no such authority. This court, therefore, will consider no modification thereof. If leniency is to be shown, notwithstanding these factors, the responsibility must be accepted by some other agency of government.

Appropriate order will enter.