Clifford E. ROBERTS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18934.

United States Court of Appeals Ninth Circuit.

April 27, 1964.

* * * the name of a certain payee * * * by writing the said name without the consent of said payee, on the reverse side of a certain United States Treasury check * * * drawn in the amount of $70.00, to the order of said * * * payee * * * for the purpose of obtaining * * * from the United States * * * a sum of money in the amount of $70.00 * * * (18 U.S.C. § 495)." The second count charges that Roberts "did knowingly * * * attempt to pass, utter and publish" the same check "with intent to defraud the United States. (18 U.S.C. § 472)."

On June 24, 1958, Roberts was sentenced to three years on count one and fifteen years on count two "to run consecutive." [sic] Execution of sentence on count two was suspended, and he was placed on five years probation, "to commence upon expiration of sentence served in [sic] count one." He served 28 months under count one, and was then released on probation. On May 28, 1962, probation was revoked and he was sentenced to the full fifteen years under count two, to become eligible for parole as provided in 18 U.S.C. § 4208(a) (2).

Roberts is proceeding here in *pro. per.*, and his briefs are by no means a model of legal exposition. They do, however, point up the anomaly, which also impressed the trial judge, that a heavier sentence can be imposed for an attempt to utter, under section 472, than for actual forgery, or actual uttering, under section 495. And he cites the Prussian case (Prussian v. United States, 1931, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610), discussed hereafter. The case was submitted to us without oral argument, but when it was called we inquired of government counsel about the anomaly. With commendable frankness, he indicated that he had no explanation, and raised the question as to whether Roberts might have been charged, in count two, under the wrong statute. We allowed time for the government to file further authorities, but counsel has now advised that he does not desire to do so. We therefore proceed to decision.

---

Clifford E. Roberts, in pro. per.

Cecil F. Poole, U. S. Atty., Rothwell B. Mason, Asst. U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN, Judge Court of Claims, and KOELSCH and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

Roberts appeals from the denial of his motion to vacate and set aside his sentence (28 U.S.C. § 2255). We conclude that the order must be reversed, solely on the ground that the second count of the indictment under which he was convicted does not state an offense.

The indictment contains two counts, to both of which Roberts pleaded guilty. The first count charges that he "did * * * knowingly forge and counterfeit

The present sections 471 and 472 of title 18 U.S.C. go back through sections 262 (now section 471) and 265 (now section 472) of title 18 U.S.Code, 1926 edition, and sections 148 (section 471) and 151 (section 472) of the Criminal Code (35 Stat. Ch. 321, at pp. 1115 and 1116). These sections, in turn, go back to sections 5414 and 5431 of the Revised Statutes. In the Criminal Code, they appear in a chapter headed "Offenses Against the Currency, Coinage, etc." The heading of the chapter in which they appear in the 1926 edition of the U.S.Code is the same. In the present edition, the heading is broader—"Counterfeiting and Forgery." Except for this change, however, their language has remained substantially unchanged.

In the Criminal Code, they read, respectively, as follows:

"Sec. 148. Whoever, with intent to defraud, shall falsely make, forge, counterfeit, or alter any obligation or other security of the United States shall be fined not more than $5,000 and imprisoned not more than fifteen years."

"Sec. 151. Whoever, with intent to defraud, shall pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell, or shall bring into the United States or any place subject to the jurisdiction thereof, with intent to pass, publish, utter, or sell, or shall keep in possession or conceal with like intent, any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 and imprisoned not more than fifteen years."

In the 1926 edition of the U.S.Code, the language of each is identical with that of the Criminal Code. In the present (1948) edition, they read:

"§ 471. Obligations or securities of United States

"Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both."

"§ 472. Uttering counterfeit obligations or securities

"Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both."

(See 62 Stat. Ch. 645 at 705).

The Criminal Code contained a section, 147, defining "obligation or other security of the United States." (35 Stat. Ch. 321, p. 1115) It became successively, section 261 of title 18 U.S.C., (1926 edition) and section 8 of the present edition (62 Stat. ch. 645 at 685), but again without substantial change.

The present section 495 had its origin in section 29 of the Criminal Code (35 Stat. ch. 321 at 1094), which, in turn, had its origin in section 5421 of the Revised Statutes. It became section 73 of title 18 U.S.Code (1926 ed.) and, in 1948, section 495. (62 Stat. Ch. 645, at 711). It has been changed substantially, but has always dealt, among other things, with forging any "other writing" for the purpose of obtaining money from the United States, and stated three such offenses: forging, uttering, and presenting. In contrast to section 472 and its predecessors, it has never dealt with an attempt to utter. It has always carried a $1,000 maximum fine and ten year maximum sentence, in contrast to the $5,000 and fifteen year maxima specified in sections 471 and 472 and their predecessors.

In 1931, the proper construction of the predecessors of sections 471 and 495 came before the Supreme Court in the Prussian case, supra. Prussian was charged with violating both section 148 (now section 471), and section 29 (now section 495) of the Criminal Code. The

single charge was that he had forged the name of the payee on the back of a check drawn upon the United States Treasury.

Chief Justice Stone, speaking for a unanimous Court, held that this was not an offense under section 148 of the Criminal Code (present section 471), in spite of the fact that section 147 (present section 8) defines "obligation or other security of the United States" to include "checks, or drafts for money, drawn by or upon authorized officers of the United States." The opinion examines the history and purpose of the statutes and concludes that " * * * to extend the meaning of that phrase so as to embrace the endorsement on the government draft is to enlarge the statutory definition, and would be possible only by a strained construction of the language of sections 147 and 148 [now sections 8 and 471], inadmissible in the interpretation of criminal statutes * * *." (282 U.S. at 677, 51 S.Ct. at 224.)

The gist of the holding is that "[t]he writing described in the indictment, when issued by the drawer, was a check or a draft. The added endorsement was in itself neither a check nor a draft. * * * The endorsement was at most the purported obligation of the endorser, not of the United States, and a purported transfer of the title of the draft to the endorsee. In neither aspect was the endorsement itself an obligation of the United States as defined by section 147 [now section 8], or such a part of the draft as to constitute the forging of the endorsement a forgery of the draft." (Id. at 678, 51 S.Ct. at 224.)

The holding is reinforced by consideration of the history and purpose of the statutes, which is said to be " * * * the protection of the bonds or currency of the United States, and not the punishment of any fraud or wrong on individuals." (Ibid.) No doubt this is the reason for the comparatively heavy penalties specified.

█ We think that this holding is equally applicable to section 472. It is *in pari materia* and uses identical language. If to forge an endorsement on a Treasury check is not to "forge, counterfeit or alter an obligation or other security of the United States" (section 471), how can one who attempts to cash it be said to be one who "attempts to pass, utter, publish, or sell * * * any falsely made, forged, counterfeited, or altered obligation or security of the United States * * *." (section 472)? We hold that count two does not state an offense under section 472. The Court of Appeals for the Eighth Circuit has come to the same conclusion in Webster v. United States, 1932, 59 F.2d 583, 585–86; cert. denied 287 U.S. 629, 53 S.Ct. 81, 77 L.Ed. 545; Gesell v. United States, 8 Cir., 1924, 1 F.2d 283. Cf. Danielson v. United States, 9 Cir., 1963, 321 F.2d 441, 444.

In Prussian, the Court went on to hold that the indictment did charge an offense under section 29 of the Criminal Code, now section 495, the endorsement on a Treasury check being an "other writing" within the meaning of that section. Thus count one of the indictment in this case does state an offense under section 495. (See also United States v. Henderson, 7 Cir., 1962, 298 F.2d 522, 526). But it does not follow that count two charges an offense under section 495. That section does define uttering or publishing as an offense (see Webster v. United States, supra), but it does not make it an offense to attempt to utter or publish, which is what count two charges. We find, somewhat to our surprise, that there is no general section in the Code dealing with attempts, as there is in the case of aiding and abetting. (See 18 U.S.C. § 2) No statute makes it an offense to attempt to utter or publish a Treasury check bearing a forged endorsement.

█ Since Roberts has served his sentence under count one, and has been serving an invalid sentence under count two since May 23, 1962, the order denying his motion under 28 U.S.C. § 2255 is reversed and the cause is remanded to the district court for entry of an order vacating the judgment and sentence in question and discharging appellant forth-

with. The certified copy of the judgment will issue on the fifth day after the filing of this opinion, unless a petition for rehearing is filed on or before the fourth day. (See Russell v. United States, 9 Cir., 1962, 306 F.2d 402, 412).