**William Clarence MILLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25476.**

United States Court of Appeals Fifth Circuit.

July 9, 1968.

Stewart C. Eggert Tampa, Fla., for appellant.

Robert H. Mackenzie, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before THORNBERRY and SIMP-SON, Circuit Judges, and SUTTLE, District Judge.

THORNBERRY, Circuit Judge:

This appeal is from a judgment entered on a jury verdict finding appellant guilty of forging and uttering a United States Treasury check in violation of 18 U.S.C. § 495. We affirm.

■■ The first contention is that the trial judge erred in allowing into evidence a forgery conviction that occurred five years prior to the present offense. It is urged that admission of the prior forgery conviction violated the well-settled rule that evidence of another crime, unconnected with the present offense, is inadmissible. This rule is discussed in Weiss v. United States, 5th Cir. 1941, 122 F.2d 675, 682:

> The general rule is that evidence of another crime unconnected with the one on trial is inadmissible, but this rule is subject to a number of exceptions, the first of which is that evidence of other offenses by the accused is admissible to show his criminal intent as to the offense charged, where the other offenses are similar to and not too remote from that charged, and where intent is in issue as an element of the offense charged.

Appellant attempts to escape the exception by asserting that proof of intent to defraud is not required to establish forgery. The forgery provision of section 495 provides:

> Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money
> * * *
>
> *    *    *    *    *    *
>
> Shall be fined not more than $1,000 or imprisoned not more than ten years, or both.

Support for this contention is found in Tacoronte v. United States, 10th Cir. 1963, 323 F.2d 772, where the court held that no instruction on intent to defraud had to be given because the statute "does not by its terms require any proof of intention to defraud, only that forgery be

done to obtain money from the United States." Id. at 774. Other decisions are clearly to the contrary. In Prussian v. United States, 1931, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610, the Supreme Court, in construing the predecessor of section 495, considered the claim that the indictment was defective for not charging that the forgery was done with the intent to defraud. The Court held that this averment was unnecessary because the charge of forgery "for the purpose of obtaining or receiving" money implied an intent to defraud. Id. at 282 U.S. 680, 51 S.Ct. at 225. This reasoning confirms that an intent to defraud is part of the crime of forgery. Moreover, a recent case holds that the phrase "for the purpose of obtaining or receiving" embodies the requirement that specific fraudulent intent is an essential element for conviction under section 495. See Ross v. United States, 8th Cir. 1967, 374 F.2d 97, 101. Indeed, an intent to defraud is implicit in the definition of forgery:

> Forgery has been generally defined as "the false making or material altering, with the intent to defraud, of any writing, which, if genuine, might apparently be of legal efficacy."

Hubsch v. United States, 5th Cir. 1958, 256 F.2d 820, 823. Thus the fraud is the intent that the signature be taken as genuine.

■ We are also persuaded that the trial judge did not abuse his discretion in holding that the offense, though committed five years before, was not too remote in time to be admitted. In Lindsey v. United States, 5th Cir. 1955, 227 F.2d 113, 117, this Court reached the same conclusion. There it was emphasized that the prior offense and the one charged were practically identical though they were separated by approximately the same time span as the two offenses in the instant case. In this case, the prior offense and the one charged involved identical circumstances, even the same payee. There can be no doubt that these identical circumstances had a significant impact on the jury, evoking concern that the jury convicted appellant simply because he had a known bad reputation; however, it is well settled that this evidence may nevertheless be admitted to show that "when the act under investigation was repeated he was actuated by the same intent." See Lindsey v. United States, supra at 118. Because the trial judge gave a cautionary instruction explaining that the evidence was offered only to establish appellant's intent, we are convinced that the proper safeguards were taken to assure that the jury did not believe that simply because appellant committed the same crime previously he must be guilty this time. To hold otherwise would undermine the *Weiss* exception for evidence bearing on criminal intent.

■ Appellant would disagree that the court correctly limited the purpose of the admission. He contends that when the trial judge gave his final instruction to the jury he told them that the prior conviction could be used to determine whether appellant committed the act charged in the indictment. Although part of the charge says this, when the entire charge is considered it is clear that the jury was instructed that proof of the prior offense was not proof that appellant did the acts charged in the present indictment. As shown before, at the time the evidence was received, a cautionary instruction was given explaining that the evidence was offered only to establish appellant's intent. Furthermore, after the trial judge made the statement to which appellant objects, he stated that the evidence could only be considered in determining the intent with which appellant did the act charged. Finally, no objection was made to the charge. This is not a case of exceptional circumstances demanding that the appellate court in the public interest notice errors in the instructions. See Conley v. United States, 6th Cir. 1958, 257 F.2d 141, 144.

We have fully considered the remaining contention and find it equally without merit. Therefore, the judgment of the district court is affirmed.