**UNITED STATES of America, Appellee,**

v.

**John J. CAMPO, Jr., Appellant.**

**No. 649, Docket 33313.**

United States Court of Appeals Second Circuit.

Submitted June 12, 1969.

Decided Aug. 4, 1969.

---

Vincent T. McCarthy, U. S. Atty., Eastern District of New York; Jerome C. Ditore, and Anthony J. DiPaola, Asst. U. S. Attys., Eastern District of New York, on the brief, for appellee.

Bert H. Nisonoff, Forest Hills, N. Y., on the brief, for appellant.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

John J. Campo, Jr., was convicted, after a jury trial, on nine counts for possessing checks stolen from the mail, and forging, endorsing and uttering them, in violation of 18 U.S.C. §§ 1708, 495 and 2. He was sentenced to four years on each count, to be served concurrently. Co-defendants Thomas R. Ross and Dominick A. Bergano pleaded guilty and then testified against Campo at his trial. The evidence showed a scheme to steal and cash Social Security checks. Ross and Campo stole the checks from mail boxes in Queens and sold them at a discount to Bergano, who owned a butcher shop.

Campo's principal point is that the testimony of Bergano should have been striken from the record as inadmissible hearsay because Bergano never identified Campo in the courtroom and there was, therefore, no connecting proof that Campo, the defendant who appeared in the courtroom, was the same person as the one whose inculpatory statements and conduct were testified to by Bergano. But this argument ignores the testimony of Ross who identified Campo at the trial and who testified that he and Campo sold the checks to Bergano. This provided a sufficient link with the testimony of Bergano to prove that the appearing defendant, John J. Campo, was the one who, with a Thomas R. Ross, had sold him the checks.

The defense also asserts that, as a matter of law, the testimony of Ross was inherently unbelievable and inadmissible because of Ross' criminal background and suicide attempts; but these were factors for the jury to consider on the issues of weight and credibility.

There is no substance at all to the other arguments of the defendant. He claims the verdict was inconsistent in law because he was acquitted on one count but convicted on the others, a point that has long been held to be im-

material and irrelevant. See Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); United States v. Carbone, 378 F.2d 420 (2 Cir.), cert. denied, 389 U.S. 914, 88 S.Ct. 242, 19 L.Ed.2d 262 (1967). Likewise, the law is well settled that the theft and forgery of government checks is covered by 18 U.S.C. § 495. Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610 (1930); Hoffman v. United States, 244 F.2d 378 (9 Cir. 1957). Finally, the comment of the prosecutor in summation, asking why defense counsel did not cross-examine Bergano on the identification issue, was clearly within the bounds of fair argument and was especially so in this case in light of and in response to earlier statements by the defense attacking the failure of the prosecution to present an in-court identification by Bergano. There is no error.

The judgments of conviction are affirmed.