## VERHEUL v. JOHNSTON.

Circuit Court of Appeals, Ninth Circuit.

July 18, 1941.

960

Ernest Verheul, in pro. per.

No appearance for respondent.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner seeks to prosecute his appeal in forma pauperis from an order denying his application for a writ of habeas corpus. The trial court denied an application to so proceed on appeal on the ground that the application is without merit. He renews the application in this court. We agree with the trial court that the application is without merit for the reasons we now state.

Petitioner appealed to this court in an habeas corpus matter in 1938. The order of the trial court denying release was affirmed November 7, 1938, by this court. Verheul v. Johnston, 9 Cir., 99 F.2d 757. It appears petitioner was complaining that he had been sentenced for twenty-five years on a criminal charge where the maximum penalty provided by law for the offense charged is twenty years. We affirmed the denial of release on the ground that the question he sought to present could not be raised by a petition for a writ of habeas corpus until the expiration of the twenty-year period. He subsequently applied to the United States District Court of South Dakota which imposed the sentence of twenty-five years asking for a reduction of the sentence from twenty-five to twenty years.

At his request an attorney was appointed by the Court to represent the applicant for the reduction and a stipulation was entered into between the United States attorney and the attorney so appointed to modify the judgment by remitting five years, thus making the sentence twenty years instead of twenty-five. The Court, in pursuance of the stipulation and on motion of the petitioner, made the order.

The petitioner now applies to the United States District Court for the Northern District of California, Southern Division, for release on habeas corpus upon the ground that the sentence of twenty years imposed at his instance was invalid because although represented by counsel the petitioner was not present in person at the time the order was made. The court denied the application for the writ upon the ground that either the sentence for twenty-five years originally imposed, or twenty years, was valid and that in either case he could not be released on habeas corpus until the period of twenty years had elapsed. In our previous holding we decided the sentence already imposed for twenty-five years was good for twenty years in any event. That being true the applicant cannot now be released. The modification of the sentence was made at petitioner's request and for his benefit. He cannot complain that he was not present when his request was granted. In fact, the order made no change in the effective sentence unless the original sentence was valid for the term of twenty-five years.

The application to this court to proceed on appeal without paying costs is denied.