### DE MAUREZ v. SQUIER, Warden.

Circuit Court of Appeals, Ninth Circuit.

March 9, 1943.

Raymond O. DeMaurez, in pro. per. for appellant.

No other appearances were entered.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

DeMaurez makes application to this court for leave to prosecute an appeal in forma pauperis. It appears from his motion that he filed a petition for writ of habeas corpus in the court below and was there granted leave to proceed in forma pauperis: that subsequently, without hearing and in the absence of issuance of an order to show cause, his petition for writ was dismissed; that he moved for reconsideration; that he prepared appeal papers, an affidavit of poverty, and a motion for leave to proceed in forma pauperis, which papers he forwarded to the clerk of the court. He states in his application that the lower court had not acted on his motion for reconsideration, or upon his motion for leave to proceed in forma pauperis, and that therefore he makes application to this court. Under the same cover in which he forwarded his motion addressed to this court he enclosed an uncertified copy of an order entered by the court below in his case, which order disposed of his motion for reconsideration by denying the same and also recited that DeMaurez had petitioned the district court on eight separate occasions for issuance of a writ of habeas corpus, all of which were denied, and that the cause and legality of his imprisonment had been considered by this court on numerous occasions, all of which were decided adversely to the petitioner.[1] The order went on to recite that "it is hereby certified that the appeal is without merit" and denied DeMaurez permission to proceed in forma pauperis because of "lack of merit in said appeal." Although there is no doubt that he intended to do so, the district judge neglected to certify that the appeal was not taken in

---

[1] De Maurez v. Swope, 100 F.2d 530; Id., 104 F.2d 758; Ex parte De Maurez, 106 F.2d 457; Unreptd. memo. October 27, 1939; De Maurez v. Swope, 110 F.2d 564, 565; De Maurez v. Squier, 121 F.2d 960.

"good faith." 28 U.S.C.A. § 832. We shall, therefore, consider whether there is sufficient merit in the appeal questions to justify the granting of the leave requested.

In his motion DeMaurez refers to, and makes a part thereof, a "Brief of Appellant", which he forwarded us along with said motion, "In evidence that his appeal is meritorious and well founded and taken in good faith * * *." There is no record before us. This brief indicates that if he is allowed to prosecute his appeal in forma pauperis he will urge that he was prosecuted and sentenced under an inapplicable statute; that the sentence permitted by the proper statute is less than that to which he was sentenced; that he has served the time to which he could lawfully be sentenced under the proper statute; that the court in sentencing him did not specify the sentence imposed on each of the two counts of which he was found guilty were to run *consecutively,* but imposed a ten-year sentence on one count, a five-year sentence on the other, for "a total of fifteen years."

This problem, substantially as stated in the brief, was before this court on a prior occasion and an opinion was rendered, reported at 121 F.2d 960, 961, 962, in which appellant's claims are shown to be wholly without merit. We there stated:

"Whether or not the check in question was a pension check or a writing within the provisions of the earlier act, 18 U.S.C.A. § 73, supra, cannot properly be considered by this court upon this application for writ of habeas corpus for the reason that in either view the cumulative sentence imposed upon the petitioner is good for a term of ten years. Until the petitioner has served that term he cannot seek release by habeas corpus on the theory that the cumulative sentence of fifteen years was excessive and void as to the first count. * * *"

The opinion then went on to discuss this question and cited numerous authorities in support of its reasoning, concluding with the words "* * * denied, without prejudice to the above-stated claim of petitioner that the sentence on the first count was excessive." Obviously, the present claim is premature.

In the circumstances the questions proposed to be raised by DeMaurez are without merit, and the motion for leave to prosecute the appeal in forma pauperis is denied.