**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joe D. BAYS, Defendant-Appellant.**

**No. 71-1717**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1971.

Rehearing Denied Oct. 28, 1971.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Frank D. Masters (Court-appointed), Masters, Gardner & Associates, A Professional Corp., San Antonio, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., James W. Kerr, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Bays appeals his conviction for theft of United States Government property valued in excess of One Hundred Dollars. 18 U.S.C. § 641 (1966).

In March, 1970, Specialist Everett Burke, the prosecution's key witness in the instant case, was found in possession of four weapons, a rifle, two pistols, and a machete, that had been missing from his unit's arms room at Fort Sam Houston, Texas. He was convicted on June 30, 1970 for stealing the weapons but was not sentenced. On July 10, 1970 appellant Bays was arrested and charged with theft of the same four weapons. He was convicted after a jury trial at which the primary witness against him was Burke and was sentenced under the Youth Corrections Act, 18 U.S.C. § 5010(e) (1969).

Appellant makes essentially four assignments of error: (1) The Government presented insufficient evidence to sustain a conviction of the offense charged; (2) the court refused to instruct the jury that a deal as to sentencing had been made by the Government with its witness, Burke; (3) the trial judge made improper remarks in open court that bolstered the credibility of Burke; and (4) Dunphey, an FBI agent, should not have been allowed to testify in corroboration of Burke's testimony.

■ The case against appellant consists primarily of Burke's testimony that Bays brought the weapons to him and offered to pay him if Burke would conceal the weapons until Bays could sell them. In addition, FBI agent Dunphey testified that Burke told him this same story soon after his arrest, and various witnesses gave conflicting testimony as to Bays' whereabouts at the time of the theft. Clearly, the evidence against Bays was not overwhelming. Nevertheless, "[i]t is well settled that the uncorroborated testimony of an accomplice is sufficient to support a conviction in the federal courts." United States v. Stanley, 5th Cir. 1970, 433 F.2d 637, 638. Moreover, the trial judge instructed the jury that accomplice testimony is to be accepted with caution, and the Government pointed out in closing argument possible motivations, including leniency in sentencing for an accused to implicate others. We find the evidence of guilt sufficient.

■ The delay in sentencing Burke led appellant's counsel to suspect a deal between the FBI or the United States Attorney and Burke. He presumed Burke had been assured a lighter sentence in return for implicating Bays. At the Bench, out of hearing of the jury, the United States Attorney denied a deal but was candid in saying that the judge who was to sentence Burke, Judge Guinn, who was not the trial judge in this case, certainly might take his cooperation into consideration. Subsequently, in open court, on cross-examination of Burke, counsel for appellant tried to establish a deal of some sort. Burke denied any promises of leniency. When counsel continued this line of questioning, the trial judge interrupted and spoke at length, assuring the jury no deal had been made in his court and by implication reprimanding counsel for pursuing this argument even though he

had no proof of a specific agreement between the Government and Burke.

In light of the need for the court to remain entirely neutral, the trial judge may have interjected himself more than was necessary. Nevertheless, his comments were general and could not have been harmful to appellant's case. Nothing was said to materially bolster the Government's case or weaken appellant's. The court did show his displeasure with counsel for appellant in the presence of the jury. Nevertheless, during his remarks the court said that counsel had done nothing improper in suggesting a tradeout, and that the court meant only to inform the jury that no agreement had been made in his court and that he was not aware of any agreement made before Judge Guinn. We find, therefore, that the trial court's comments taken as a whole did not amount to reversible error.

 Finally, appellant urges that FBI agent Dunphey should not have been permitted to testify that soon after Burke's arrest he told Dunphey that he had received the stolen weapons from Bays. Appellant relies on United States v. Leggett, 4th Cir. 1962, 312 F.2d 566, for the proposition that Dunphey's testimony corroborating Burke's story was inadmissible. The general rule appears to be that testimony of a witness may not be bolstered by showing that he has previously told the same story out of court. *Leggett* at 572. As with most rules, exceptions have developed:

> The exceptions arise where the credibility of the witness is impugned by the suggestion or contention that his story is one of recent fabrication or that it differs from accounts previously given by him or that he has a motive for testifying falsely.

*Leggett* at 572.

The exceptions are not too specific, but the one clear prerequisite for corroboration is attempted impeachment of the witness. Certainly that element was present here. Counsel for appellant sought vigorously on cross-examination to show that Burke was lying. Counsel "impugned" the credibility of Burke by contending that he was motivated to lie by hopes of a lighter sentence. Therefore, the Government responds that under *Leggett* it can proffer a statement made by Burke before he had a motive to lie, that is, before he was convicted. We agree. Nevertheless, appellant argues alternatively that the event motivating the lie was Burke's arrest, not his conviction. Burke supposedly had the presence of mind at the time of his arrest to implicate Bays, in the hope that if he were later convicted his cooperation would be viewed favorably by the sentencing judge. According to this theory, the statement to Dunphey came after the motivating event and therefore should be excluded under *Leggett*. *Leggett* can be read to support this contention. On the other hand, *Leggett* can be distinguished in that the veracity of the witness there was not impugned prior to admission of supporting testimony by a second witness. This difference appears substantial.

Not only do we think *Leggett* is distinguishable, but more importantly we refuse to be bound by broad rules that do not clearly apply to the case before us. The jury saw and heard Burke, Dunphey, and the witnesses for the defense. The trial judge told the jury that Burke may have believed things would go easier for him if he implicated others. Considering that Dunphey was put on the stand only after substantial efforts were made to impugn the veracity of Burke and the circumstances of Burke's statement to Dunphey implicating Bays, we believe Dunphey's testimony had probative value that could assist the jury and was admissible.

Affirmed.