**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leon X. GOODSON and James Clarence Goodson, Defendants-Appellants.**

**No. 73–3766.**

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1974.

Gerald Urbach, Dallas, Tex., for James Clarence Goodson.

Leon X. Goodson, pro se.

Frank McCown, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., John W. Sweeney, Jr., Asst. U. S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before WISDOM and CLARK, Circuit Judges, and GROOMS, District Judge.

WISDOM, Circuit Judge:

James Clarence Goodson and Leon X. Goodson, together with several other persons, were tried before a jury upon an indictment charging the defendants with conspiracy to defraud the United States in violation of 18 U.S.C. § 371 [1]

---

1. 18 U.S.C. § 371 provides that:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a

and with the substantive offenses of forgery and the uttering of forged endorsements in violation of 18 U.S.C. § 495.[2] The government checks in question were some of those stolen in the robbery of a United States Post Office Department vehicle containing a large number of Government checks. Both James and Leon Goodson were found guilty on all counts. They now appeal. We affirm the judgment in part and reverse in part as to both the appellants.

## I.

■ James Goodson attacks his conviction for conspiracy to defraud the United States in violation of 18 U.S.C. § 371 on two separate grounds. His first argument asserts that the Government failed to prove the offense of conspiracy because it offered no proof of a conscious agreement and thus failed to show that the alleged conspirators worked together understandingly with a single design for the accomplishment of a common purpose. The appellant's argument correctly states the need for proof of a conscious agreement in a trial for conspiracy, but incorrectly assumes that the proof must be made by direct evidence. An agreement to conspire may be inferred from all the circumstances of a case. The nature of the crime itself makes circumstantial evidence the only proof generally available. Such evidence will be sufficient to support a conspiracy conviction if the evidence places the defendant "at the hub of the wheel of events" so that "the jury might reasonably find that the evidence excludes every reasonable hypothesis, except that of guilt". Grant v. United States, 5 Cir. 1969, 407 F.2d 56, 57.

■ The facts in this case demonstrate that Leon Goodson solicited aid for the purpose of robbing a mail truck on the day before the robbery. A vehicle meeting the description of one owned by Leon Goodson was used in the robbery. On the day of the robbery, Leon Goodson used that vehicle to deliver a bag containing Government checks to his brother, James Goodson, who took the checks to the back room of his store. James Goodson thereafter paid John Wade to forge endorsements on some of the checks. He told Wade that he could not sign the checks himself because he planned to deposit them to his own account. James Goodson also solicited the aid of Clark Reeves, who received a quarter of the proceeds in exchange for using some of the checks to pay his legitimate business expenses. Goodson explained to Reeves that he did not want to run any more of them through his own account. For his part, Leon Goodson asked Dollie Wilson if she "knew how to cash checks" and employed her for that purpose. In view of this division of the checks for the purpose of negotiation and the other incriminating circumstances, we hold that there is sufficient evidence to support the jury's finding of a conscious agreement to conspire to defraud the United States, under the test established by Grant.

■■ James Goodson relies on Hoffman-LaRoche v. Greenberg, 7 Cir. 1971, 447 F.2d 872, for the proposition that transactions must be parallel or repetitive, rather than isolated, in order to es-

misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

2. 18 U.S.C. § 495 provides that:

Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money; or

Whoever utters or publishes as true any such false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; or

Whoever transmits to, or presents at any office or officer of the United States, any such writing in support of, or in relation to, any account of claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited—

Shall be fined not more than $1,000 or imprisoned not more than ten years, or both.

tablish a conspiracy. Although Goodson's statement of that decision is correct, we differ with his characterization of the transactions in his own case as "isolated". In *Hoffman-LaRoche*, the Government attempted to establish a conspiracy between two men who were entirely unaware of each other's existence or activities; their only connection was that both obtained stolen goods from the same source. The Seventh Circuit held that their transactions were isolated and could not support a finding of conspiracy. In the Goodsons' case, Leon appears to have been the source of the stolen checks as well as one of the two actors in the forgery and attempted negotiation of the checks. The evidence does not support a conclusion that the efforts of Leon and James Goodson were "isolated" in the sense of being unrelated. The more plausible conclusion, implicit in the jury's guilty verdict, is that each brother took responsibility for reducing a portion of the checks to cash. It is well-established that a conspiracy does not lose its character because efficiency or expertise requires a division of labor among the participants. Merely "[because] members had varied duties does not change the fact that they all acted in furtherance of the same conspiracy". United States v. Owen, 7 Cir. 1965, 346 F.2d 329, 330. We think that the evidence adduced at trial was sufficient to allow the jury to infer a conspiracy and would support a conviction on this count but for the merit of James Goodson's second argument.

■ James Goodson's second argument states that the proof offered by the Government may be sufficient to support the existence of a conspiracy, but that the proof does not conform to the particular conspiracy offense charged in the indictment. The language of the indictment alleges a conspiracy to commit the following offense:

> To wilfully and knowingly, with intent to defraud, *forge, falsely make and alter United States Treasury checks* for the purpose of obtaining

and receiving directly or indirectly from the United States or agents thereof any sum of money; and, to knowingly and wilfully with intent to defraud the United States utter and publish as true falsely made, forged and altered United States Treasury checks, knowing the same to be false, altered and forged in violation of Title 18, United States Code, Section 495. (emphasis added).

The indictment requires the Government to prove that the defendants conspired to forge, falsely make and alter Government instruments. The Government's evidence, however, was directed entirely toward proving that the defendants conspired to place false endorsements on otherwise valid instruments.

A similar divergence of indictment and proof occurred in United States v. Danielson, 9 Cir. 1963, 321 F.2d 441. In *Danielson*, the defendants were charged with conspiring to "falsely make, forge and counterfeit and knowingly utter and publish as true, with the intent to defraud the United States of America, 171 United States Savings Bonds." 321 F.2d 441, 442. The evidence established that the Bonds were valid Government instruments and that the defendant forged endorsements rather than the instruments themselves. The court in *Danielson* held that this divergence of allegation and proof was fatal to the conviction because a defendant cannot "be charged with one crime and convicted of another merely because the latter is developable out of the proof which fails to show the crime charged". 321 F.2d 441, 444, n. 8.

■ We agree with the *Danielson* court that such a divergence cannot be dismissed as harmless error and reverse James Goodson's conviction on the conspiracy count.

Leon Goodson's *pro se* brief alleges that there was insufficient evidence to support his conviction on the conspiracy court. We construe his *pro se* brief to include the argument successfully made

by James Goodson and therefore reverse Leon Goodson's conviction on the conspiracy count as well.

## II.

■ As a second basis for reversal, James Goodson alleges that the evidence adduced at trial was insufficient to support the jury's verdict of guilty on the substantive counts. Leon Goodson makes substantially the same argument in his *pro se* brief. The standard for evaluating the sufficiency of the evidence on appellate review requires that the evidence supporting the verdict be viewed in the light most favorable to the Government. United States v. Glasser, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. We are convinced that the Government introduced sufficient evidence from which the jury could reasonably conclude beyond a reasonable doubt that the appellants were guilty of the offenses for which they were charged. We see no benefit to be gained by a recital here of the voluminous facts adduced at trial.

## III.

■ James Goodson's next allegation of error concerns the admission into evidence of a prior written statement made by a Government witness who was present and testified at trial. The appellant contends that the Government improperly relied on the witness's prior consistent statement to bolster his otherwise "weak and contradictory testimony". On direct examination, Timothy Prince testified that he was with Leon Goodson when Leon delivered a bag of blue-colored checks to James Goodson's store. He also testified that James Goodson took the checks to the back room of the store. At the close of extensive cross-examination, James Good-

son's counsel asked Prince whether he had actually seen the checks or only brown envelopes which might have contained Government checks. Prince replied he had seen only the brown envelopes. Prince had seen either checks or envelopes on a number of different occasions and there was some ambiguity in his testimony as to exactly what he had seen at various times. In the face of this ambiguity, James Goodson's counsel brought up the matter of the prior statement Prince had given to the Government and attempted to discredit the witness by suggesting that it was not the same story he had told in his in-court testimony. The Government then offered Prince's prior written statement for the sole purpose of re-establishing his credibility. In light of the defense counsel's attempt to discredit the witness by suggesting that his story on cross-examination was inconsistent with his earlier statement, and of possibly recent fabrication, we cannot say that the trial court erred in admitting the witness's prior statement into evidence for the limited purpose of re-establishing the witness's credibility. United States v. Bays, 5 Cir. 1971, 448 F.2d 977. The trial court has broad discretion with respect to the admission of such statements, and we find nothing in the record to indicate an abuse of that discretion. United States v. Zito, 2 Cir. 1972, 467 F.2d 1401, 1404.

■ Although James Goodson alleges that the prior statement contained facts not otherwise admitted into evidence, the record does not support such an allegation. The language of the prior statement was not exactly the same as that used by the witness in court, but the statement itself adds no substantive evidence that was not previously presented in live testimony.[3]

---

3. Counsel for James Goodson draws our attention to that part of Prince's statement which asserts that he saw Leon Goodson with a "two inch thick" stack of checks. Although James Goodson contends that this characterization was "inflammatory," it does not appear to us as more inflammatory than many other statements made with respect to the checks in the course of the trial. In other circumstances the admission of this characterization may have constituted reversible error but here the evidence is sufficiently strong to render that characterization insignificant in the balance. See United States v. Knox, 5 Cir. 1972, 458 F.2d 612, 615.

This appellant also attacks the admission of this statement on the ground that the trial court failed to instruct the jury that the statement was to be used only as evidence of the witness's credibility and not for the truth of the matter stated. Our reading of the transcript demonstrates that the trial court closely questioned the prosecutor concerning the purposes for which the writing was being offered. Both before and after the statement was admitted into evidence, the trial court explained to the jury in detail that the statement was being admitted into evidence for the narrow purpose of establishing the witness's credibility and not for the truth of the matter stated. Moreover, the prosecutor explained at length the applicable law when he offered the statement in evidence. In light of these facts, we can find no reversible error in the conduct of the trial court with regard to the admission of the prior statement.

### IV.

James Goodson argues that the indictment on which he was tried was defective because it failed to allege that the forgery of the endorsements was made with an intent to defraud the United States. Although the appellant argues that a recitation of intent to defraud is necessary to the framing of an indictment under 18 U.S.C. § 495, he fails to distinguish between the essential elements which must be stated under the first paragraph [4] of Section 495 and the essential elements which must be stated under the second paragraph [5] of Section 495. In Prussian v. United States, 1931, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610, the Supreme Court held that no allegation of intent to defraud the United States is necessary to state an offense under the first paragraph of Section 495 (then Section 29 of the Criminal Code). The Court said:

> Petitioner asserts that the indictment is defective in that it does not charge that the forgery was with intent to defraud the United States. [citations omitted] No such averment is required by the language of Section 29 relating to forged endorsements. Other provisions of § 29 punish the uttering of a forged writing, or presenting any such writing to an officer of the United States in support of any claim, "with intent to defraud the United States". But the present indictment is not under either of those provisions. The charge is forgery of the endorsement, which is punishable by the different provision [Paragraph 1 of Section 495], now in question, if committed merely "for the purpose of obtaining or receiving" from an officer or agent of the United States any sum of money. This *imports* an intent to defraud the United States, which the indictment sufficiently charges in the language of the statute. 282 U.S. 675, 680, 51 S.Ct. 223, 225. (emphasis added).

This Court followed the *Prussian* analysis in Miller v. United States, 5 Cir. 1968, 397 F.2d 272, 274. James Goodson has drawn our attention to this Court's decision in United States v. Bates, 5 Cir. 1972, 468 F.2d 1252, which he understands to require that indictments under all paragraphs of Section 495 allege an intent to defraud the United States. This view represents a misunderstanding of *Bates*.

---

4. The first paragraph of 18 U.S.C. § 495 states:

   Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money;
   . . . .

5. The second paragraph of 18 U.S.C. § 495 states:

   Whoever utters or publishes as true any such false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; . . . .

The indictment in *Bates* charged the defendant in one count with causing another to falsely endorse and cash a government check. This single count states two independent violations of Section 495. The endorsement is an offense under the first paragraph of Section 495 and does not require an allegation of intent under the reasoning of *Prussian*, while the cashing of the check is an offense under the second paragraph of the section and does require an allegation of intent to defraud the United States. Because the count in *Bates* combined two offenses, only one of which required an allegation ·of intent to defraud the United States as an essential element of the indictment, the Court held that the indictment's failure to allege intent was fatal to the count as a whole. The Court was not required to consider the variation in the elements which must be pleaded under the two paragraphs of Section 495 because the count would be defective so long as one of the two paragraphs required an allegation of intent. For these reasons, it would be wrong to read *Bates* as a departure from the rule established by the Supreme Court in *Prussian*, which we follow here.

### V.

The next issue raised on appeal concerns Leon Goodson's allegation that the trial court's denial of his motion for a separate trial violated his constitutional rights and denied him due process of law. Broad discretion is placed in the trial court with regard to the granting of separate trials. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Here, there are many issues of fact common to the prosecution of both appellants. We find, therefore, no abuse of judicial discretion in the trial court's denying the appellant's motion for a separate trial.

We have carefully considered the other issues raised on appeal by Leon and James Goodson and find them without merit.

For the foregoing reasons we hold that the convictions of both defendants under the count charging a conspiracy to defraud the United States in violation of 18 U.S.C. § 371 should be reversed. The convictions of both defendants on all other counts should be affirmed.