**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lawton Scott MOCK,
Defendant-Appellant.**

No. 80–5139
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 23, 1981.

Arnold D. Levine, Tampa, Fla., for defendant-appellant.

Kurt F. Zimmermann, Michael L. Paup, Robert E. Lindsay, Attys., M. Carr Ferguson, Asst. Atty. Gen., U. S. Dept. of Justice, Tax Division, Washington, D. C., for plaintiff-appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

VANCE, Circuit Judge:

On January 29, 1980 defendant Lawton Scott Mock was convicted of two counts of failure to make tax returns for the year 1972, in violation of 26 U.S.C. §§ 7201 and 7203. Mock appeals, alleging errors in evidentiary rulings. We affirm.

Mock's first contention involves a claim of collateral estoppel. Originally, Mock had been tried for conspiracy to import, possess and distribute marijuana in the United States. When the jury was unable to reach a verdict, the trial judge declared a mistrial and acquitted Mock. The government then brought charges of tax evasion against Mock. Using the "net worth" approach approved in *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the government sought to prove that Mock's total assets had increased over the period in question. In the course of presenting its case, the government introduced much of the same evidence which had been introduced against Mock at the conspiracy trial. Mock was convicted on two counts.

On appeal, this court reversed and remanded for a new trial, *United States v. Mock*, 604 F.2d 341 (5th Cir. 1979). We held that the government was barred from "arguing or trying to establish" that Mock was involved in a marijuana conspiracy with Alvarez and others between January and June 1972, the time period alleged in the conspiracy of which they were acquitted. Specifically, we noted that the government's primary witness at the tax trial was William Rand Kilgore, who had been the chief witness at the conspiracy trial, and that the prosecutor's closing arguments had referred several times to the conspiracy. In remanding we noted:

> If the government had presented evidence that appellant had derived income from the sale of marijuana on facts other than those showing that he derived income *from this particular conspiracy*, then such evidence would be neither inconsistent with the prior verdict of acquittal nor barred by collateral estoppel. However, the facts of this case do not conform to these hypotheticals: The government based its case upon the very theory that appellant derived income from the conspiracy of which he already had been acquitted.

604 F.2d at 345 (emphasis in original).

The conduct of the second trial, now before us on appeal, was quite different. Kilgore was not allowed to testify. In his closing argument, the prosecutor made a reference to the importation business but

primarily suggested that Mock derived his income from gambling.

Mock claims, however, that the testimony of Sandra Scott Pool at his second trial for tax evasion was barred by the principle of collateral estoppel. Pool testified at the second tax trial, over objection of defense counsel, that in December of 1972 her former husband, Mock, and Alvarez had a conversation about smuggling and that she observed Mock and Alvarez pay her former husband with a suitcase of money. She stated that they discussed the fact that the money was for a trip they had made. On cross-examination Pool stated that the money was paid to her ex-husband in connection with a past drug transaction. Defendant moved for a mistrial at the conclusion of Pool's testimony on the ground that the testimony was about the conspiracy to import, possess and distribute marijuana. Defense counsel contend that the government failed to affirmatively show that Pool testified to a transaction separate and distinct from the transaction of which defendant was acquitted.

■ The trial court correctly denied the motion. The record of Pool's testimony in this case demonstrates that the transaction, discussions and events testified to occurred in December of 1972. The drug conspiracy at issue in the trial that resulted in the defendant's acquittal, on the other hand, was alleged to have been in existence during the period of January through June 1972. The doctrine of collateral estoppel was held by the Supreme Court in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) to be embodied in the fifth amendment guarantee against double jeopardy. Collateral estoppel was defined by the Court to mean that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same par-

ties in any future lawsuit." 397 U.S. at 443, 90 S.Ct. at 1194. This circuit has decided that the protection of collateral estoppel prevents redetermination of evidentiary facts as well as ultimate facts. *United States v. Gonzalez*, 548 F.2d 1185, 1191 (5th Cir. 1977); *Blackburn v. Cross*, 510 F.2d 1014, 1019 (5th Cir. 1975). Mock has not shown that Pool's testimony concerned facts about *the particular* conspiracy of which he was acquitted.[1] Because the evidence that Mock contends is barred does not relate to ultimate or evidentiary facts decided in the marijuana conspiracy case we hold that it is not barred by the doctrine of collateral estoppel.

■ Mock's second point of error also involves testimony by Mrs. Pool. During her direct examination, Pool testified that her former husband, Jose Alzamora, told her that he was going to Tampa to discuss marijuana smuggling with the defendant. The court correctly admitted this statement as a declaration against interest, Fed.R. Evid. 804(b)(3). There are three tests to be met under the hearsay exception of declaration against penal interest.[2] First, the declarant must be unavailable. Fed.R.Evid. 804(a); *United States v. Alvarez*, 584 F.2d 694, 699 (5th Cir. 1978). Both sides agree that Alzamora, who was apparently somewhere in Latin America, was unavailable. Second, the statement must be against the penal interest of the declarant. *United States v. Alvarez, supra*. Admission that one is involved in a drug conspiracy meets this requirement. *United States v. Hyde*, 574 F.2d 856, 863 (5th Cir. 1978). The fact that the statement was made to his former wife does not destroy its credibility. *Cf. United States v. Bagley*, 537 F.2d 162, 165 (5th Cir. 1976), *cert. denied*, 421 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977). The third requirement is that there be corrobo-

---

1. This circuit in *United States v. Giarranto*, 622 F.2d 153, 156 n.4 (5th Cir. 1980) held that "the burden is on the defendant to show that judgment in the original trial necessarily decided a crucial issue in the second trial." Similarly, defendant should have the burden of persuasion to show that the testimony he contends is

barred by collateral estoppel relates to facts litigated in his favor at an earlier trial.

2. A pretrial hearing is recommended in *United States v. Sarmiento-Perez*, 633 F.2d 1092, 1101 n.5 (5th Cir. 1981) for declarations against interest which are inculpating as to the accused.

rating circumstances which indicate the trustworthiness of the statement. *United States v. Alvarez*, 584 F.2d at 701 (5th Cir. 1978). The trial judge does not seem to have reached this issue. Our examination of the record, and factors suggested in *Alvarez* convinces us that this test was met. Pool testified that Alzamora did indeed go to Tampa and discuss marijuana smuggling, just as he had said he would. Since Pool was present and available for cross-examination, her testimony is sufficiently substantial to support the admission of the hearsay statements.

Finally, Mock complained of limitations placed on him in introducing prior consistent statements by the defendant, Fed.R. Evid. 801(d)(1)(B). Mock testified on his own behalf, and was subject to vigorous cross-examination. His attorney then sought to introduce Mock's testimony at the previous trial to bolster his credibility. The trial judge ruled that the prior testimony that related specifically to matters on which Mock had been impeached would be admitted, but not the remainder of the forty or so pages of transcript. Mock claims this was reversible error, relying heavily on *United States v. Lombardi*, 550 F.2d 827 (2d Cir. 1977).

Express charges of recent fabrication or improper motive are not required to admit prior consistent testimony. *United States v. Albert*, 595 F.2d 283, 289 (5th Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 448, 62 L.Ed.2d 375 (1979). The existence of a motive to lie at Mock's previous trial would not make the prior statement inadmissible. *United States v. Williams*, 573 F.2d 284, 289 n.3 (5th Cir. 1978). The trial court, however, has broad discretion regarding the admission of prior consistent statements. *United States v. Goodson*, 502 F.2d 1303, 1307 (5th Cir. 1974); *see* Fed.R.Evid. 403. This discretion to exclude is particularly appropriate when dealing with essentially cumulative evidence. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979), or for evidence adding only a minor "incremental probity," *United*

*States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). Here, the excluded testimony concerned biographical information not in dispute, or simply repeated elements of Mock's testimony which were sufficiently highlighted in other ways. Accordingly, we find no abuse of discretion.

AFFIRMED.