87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Otis COOPER, Jr., Defendant-Appellant.
 No. 95-10309.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 16, 1996.
Decided June 26, 1996.
 
 Before: PREGERSON and TROTT, Circuit Judges, EZRA, District Judge.*
 MEMORANDUM**
 Appellant Otis Cooper, Jr. ("Appellant") appeals his conviction and the two-level enhancements applied during sentencing.
 Appellant was a partner and vice-president of the United States Enforcement Agency ("USEA"). In January 1994, Appellant conducted two seminars on fugitive apprehension. At the January 15, 1994 seminar, Appellant introduced Peter Thomas Clarke, aka Jean Pierre Cornally ("Clarke"), as a person soliciting participants for an advanced fugitive apprehension training program. Clarke made a 1.5 hour presentation to the 40-person class while Appellant sat in the back of the room. As a result of this presentation, six people signed up for the advanced program including Jack Wu ("Wu"). In conjunction with this advanced class, Clarke planned a paramilitary training camp trip to be conducted on national forest land. At different points in that trip, Clarke and Wu represented or intimated to federal officers that they had the authority to conduct paramilitary training on federal land because of their affiliation with the government or an United States Agency.
 The Government put on 13 witnesses in total; several of them testified that Appellant had told them that USEA was affiliated with, had contracts, or was connected with the U.S. Postal Service and the FBI.
 Appellant testified in his own defense, denying that he ever told anyone that USEA was affiliated with the federal government. Appellant also attempted to distance himself from the events on the trip and from Clarke.
 Despite Appellant's testimony, a jury found Appellant guilty of conspiracy to impersonate a federal officer (count one of the five-count indictment) in violation of 18 U.S.C. §§ 371 and 912. On June 26, 1995, the District Court sentenced Appellant to six months imprisonment based on an offense level of 10. The offense level was increased two levels for a managerial role in the offense and two levels for obstruction of justice.
 II.
 Appellant argues that his conviction should be overturned due to insufficient evidence of: (a) an agreement, and (b) the requisite criminal intent.
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995).
 To preserve the right on appeal to test the sufficiency of the evidence, the defendant must renew or make a motion for acquittal at the close of all evidence. See United States v. Oliver, 60 F.3d 547, 551 (9th Cir.1995). Defendant's failure to do so means that appellate review is for plain error. Id.; United States v. Vizcarra-Martinez, 57 F.3d 1506, 1509 (9th Cir.1995) (review is to prevent a miscarriage of justice). Here, Appellant did not make a motion for acquittal at the close of the evidence, thus appellate review is for plain error.
 A. Proof of Agreement
 It is fundamental that a conviction for conspiracy under 18 U.S.C. § 371 cannot be sustained unless there is "proof of an agreement to commit an offense against the United States." Ingram v. United States, 360 U.S. 672, 677-78 (1959) (internal quotes and citations omitted). "For the convictions to stand, the government must produce enough evidence to show that each defendant knew or had reason to know the scope of the (criminal enterprise), and had reason to believe that their own benefits derived from the operation were dependent upon the success of the entire venture." United States v. Perry, 550 F.2d 524, 528-29 (9th Cir.) (emphasis in original), cert. denied, 434 U.S. 827 (1977). One can aid and abet a conspiracy, however, without knowing all the particulars. United States v. Portac, 869 F.2d 1288, 1293 (9th Cir.1989), cert. denied, 498 U.S. 845 (1990).
 Furthermore, an unlawful conspiracy may be proven by circumstantial evidence; no formal agreement is necessary. United States v. Abushi, 682 F.2d 1289, 1293 (9th Cir.1982). An agreement constituting a conspiracy may be inferred from the acts of the parties. Id. Once the existence of a conspiracy is established, "evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy." United States v. Dunn, 564 F.2d 348, 357 (9th Cir.1977) (emphasis in original).
 In this case, Appellant's contact with Clarke and Wu before, during, and after the trip is incriminating.[1] Also relevant is the fact that Appellant planted the idea that USEA was affiliated with the U.S. Postal Service and the FBI by telling individuals in his January 15, 1994 class and others that USEA had contracts with the U.S. Postal Service and the FBI. Furthermore, Appellant appears to have worked with Clarke to formulate the advanced bounty hunting class, to recruit participants, and to encourage the training expedition by promising grant money for the subsequent advanced class.
 We find that circumstantial evidence and inferences legitimately drawn from Appellant's own statements and from his involvement in the training expedition could lead a rational fact finder to find sufficient agreement to convict Appellant for his involvement in the conspiracy, see United States v. Jackson, 72 F.3d 1370, 1381 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1546 (1996).
 B. Criminal Intent
 "Conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself." Ingram, 360 U.S. at 678; Danielson v. United States, 321 F.2d 441, 445 (9th Cir.1963). All that is required for 18 U.S.C. § 912, the substantive offense here, is that the government prove that the defendant's misrepresentations were intended to cause the deceived person to follow some course of action he would not have otherwise pursued. United States v. Bushrod, 763 F.2d 1051, 1053 (9th Cir.1985).
 Here, it is clear that Appellant misrepresented USEA's relationship with the FBI, the U.S. Postal Service, and U.S. Customs to Clarke and Wu, and that these individuals in turn relied on Appellant's statements and represented themselves as authorized agents.
 Particularly compelling in this case was the fact that Appellant made false statements about USEA's government affiliations to Clarke, an individual who had signed a subcontracting agreement with USEA and who was leading an expedition that was loosely affiliated with an advanced class USEA considered sponsoring. The misrepresentations to Clarke are troubling because it is natural and probable that Clarke would, in turn, advance the same fiction, regarding USEA's government affiliation, to other individuals including peace officers who challenged the training expedition. We find sufficient circumstantial evidence for the jury to infer criminal intent.
 Accordingly, we affirm the jury verdict convicting Appellant for conspiracy to impersonate a federal employee.
 III.
 Defendant contests the two-level increases for a managerial role and for obstruction of justice. The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995). The district court's factual findings in the sentencing phase are reviewed for clear error. See United States v. Fuentes-Mendoza, 56 F.3d 1113, 1116-17 (9th Cir.1995) (quantity of drugs, possession of firearm, supervisorial role), cert. denied, --- U.S. ----, 116 S.Ct. 326 (1995).
 A. Enhancement for Managerial Role
 U.S.S.G. § 3B1.1(c) (1994) provides for a two-level increase in the base offense level where "the defendant was an organizer, leader, manager, or supervisor in any criminal activity ..." To justify a two-level increase under § 3B1.1(c), the government must prove by a preponderance of the evidence that the defendant had an aggravating role in the offense. United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1075 (1994). Whether a defendant was "an organizer, leader, manager, or supervisor" is a question of fact that is reviewed for clear error. Id.
 Factors the court should consider [in determining whether the defendant was a "manager"] include the exercise of decisionmaking authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990) (quoting U.S.S.G. § 3B1.1, comment. (n. 4)).
 Under the factors set forth in Mares-Molina, Appellant's actions--including the false representations, and his role in organizing the training class and in recruiting members for the trip--suffice for purposes of the § 3B1.1(c) enhancement. While the Appellant was not always the lead person, his presence in the conspiracy was significant enough to merit the two-level increase. Finding no clear error in the district court's application of the § 3B1.1(c) enhancement, we affirm the two-level increase for a managerial role in the conspiracy.
 B. Enhancement for Obstruction of Justice
 As for two-level enhancement for obstruction of justice, it is clear that the district court failed to make necessary factual findings.
 To apply the two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, the district court must have found that the defendant gave (1) false testimony, (2) on a material matter, (3) with willful intent. United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994). Although the court need not specifically address each of these elements, its findings must encompass all the factual predicates for a finding of perjury. United States v. Robinson, 63 F.3d 889, 892 (9th Cir.1995).
 In the instant case, the record is void of any factual findings as to the obstruction of justice enhancement.
 
 CONCLUSION
 
 1
 In brief, we AFFIRM Appellant's conviction for conspiracy to defraud the government by impersonating a federal employee and the two-level enhancement for a managerial role in that conspiracy. But because the record does not contain sufficient factual findings for the two-level enhancement for obstruction of justice, we VACATE the sentence and REMAND with instructions that the district court make specific findings of fact on this issue.
 
 
 
 *
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Clarke testified that he had some discussions with Appellant regarding government grants, approving participants in the training exercise, and the final plan for the training trip. See Trial Transcript, at 232, 238-39. Wu also testified that he spoke with Appellant once during the trip when he called to tell Appellant where the group had been and how the exercises were going. Id. at 273. Wu also testified that he and Clarke met with Appellant after they returned from Angeles National Forest and discussed the trip and federal funding for the advanced class. Id. at 273-75