UNITED STATES of America,
Plaintiff-Appellee,

v.

Loretta MARSHALL, Defendant-
Appellant.

No. 29014

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1970.

Charles C. Jacobs, Jr. (Court-appointed), Jacobs, Griffith & Hatcher, Cleveland, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., J. Murray Akers, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

By a multi 12 count indictment Loretta Marshall was charged and tried—in the even numbered counts of having forged endorsement to six government checks and the odd numbered counts with uttering and publishing these checks—in violation of 18 U.S.C.A. § 495. For want of proof of passing these checks the Government dismissed the uttering counts and the Court dismissed counts 1, 3, and 5 of the forging counts and simultaneously withdrew the related exhibits (4, 5, and 6) comprising the checks of those counts. Appellant attacks the conviction for an asserted error in the Court's charge on intent to defraud, in

failing to suppress the exemplars furnished by Appellant to Postal Inspectors prior to arrest and *Miranda* warnings, and the failure to exclude exhibit 9 which was a chart prepared by the Government's handwriting expert to demonstrate comparison of significant characteristics of the endorsements and the exemplars including some reproduced excerpts from excluded exhibits 4, 5, and 6. None of these has merit and we affirm.[1]

■ In a comprehensive charge on intent the Court emphasized that intent to defraud is an essential ingredient but that the proof need not establish that the United States, or any one, was actually defrauded, but only that the accused acted willfully and with intent to defraud. He carefully distinguished between general and specific intent. The part objected to was the Court's statement that "if you, the jury, find beyond a reasonable doubt that the defendant forged endorsement of the payee to each or any [of the checks involved * * *] then you may infer that the defendant did the act for purpose of obtaining for herself, or enabling someone else to obtain from the United States * * * the sum stated in" such check or checks.

The court was very careful to avoid the use of the proscribed word "presume" or its variant "presumption", Wardlaw v. United States, 5 Cir., 1953, 203 F.2d 884, and n. 5. Rather the Court used the non-compulsory, permissive term "infer". That the element of intent to defraud is thus found by the jury from the very act itself does not, as claimed, eliminate intent as an ingredient. Rather, the instruction permits—but does not compel—the jury to conclude what the experience of men generally suggests that when a person intentionally forges the signature of another without authority on a negotiable instrument it is done for the purpose of obtaining for self or others money or benefits to which neither was rightfully entitled. The charge was not erroneous on this ground. Hyler v. United States, 5 Cir., 1968, 402 F.2d 558, 560, cert. denied, 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219; Walker v. United States, 5 Cir., 1965, 342 F.2d 22.

■ The Court with ample factual basis was warranted in finding that the exemplars were given voluntarily prior to the time of her arrest which took place immediately thereafter when, for the first time *Miranda* warnings were given. Bradford v. United States, 5 Cir., 1969, 413 F.2d 467, urged so strenuously is of little help especially in view of Bradford II, the second appeal after our 1969 remand, 429 F.2d 1275 [July 22, 1970]. There on appeal from the trial Judge's hearing and fact finding as mandated in *Bradford* I, we sustained his finding of voluntariness independent of the question of arrest or non-arrest.

■ There was no error in the Court's refusal to exclude exhibit 9 simply because it contained photographic excerpts of handwriting characteristics from a number of the checks and exemplars including both the admitted exhibits and the excluded exhibits 4, 5 and 6. This was demonstrative evidence supporting the expert's conclusions and was not offered or used as independent substantive proof. Counsel for appellant had used exhibit 9 extensively in cross examination to undermine the expert's specific conclusions including those respecting the check exhibits which rightfully remained in the case (counts 7, 9, 11). Exhibit 9 was properly in the case for the limited credibility issue of the expert's opinion.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.