UNITED STATES of America,
Plaintiff-Appellee,

v.

Darrell Wayne ELLISON, Defendant-
Appellant.

No. 73–4010

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 20, 1974.

Ezra Shimshi, Atlanta, Ga. (Court-appointed), for defendant-appellant.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 5th Cir. 1970, 431 F.2d 409, Part I.

John W. Stokes, U. S. Atty., Gale McKenzie, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

The jury returned verdicts of guilt against Darrell Wayne Ellison on all three counts of an indictment that charged him with possession of· stolen mail matter—a United States treasury check—with knowledge of its felonious character in violation of 18 U.S.C. § 1708, forging the name of the check's true payee in contravention of 18 U.S.C. § 495, and uttering and publishing the payee's forged name with intent to defraud the United States as proscribed by 18 U.S.C. § 495. He appeals from his conviction and the attendant indeterminant sentence under the applicable provisions of the Youth Corrections Act, 18 U.S.C. § 5010(b), asserting as error the following:

1. Was the letter that contained the check part of the "mail" at the time the alleged intent to steal existed?

2. Were the court's instructions on "specific intent" plain error?

3. Was evidence concerning the landlord's endorsement on the check in addition to that of the payee admissible?

4. Did the government meet its burden of proof?

5. Was there independent corroborating evidence to the Appellant's extra-judicial admissions?

6. Was Appellant's right to trial by jury violated?

In capsule, the facts stated most favorably to the jury's verdict showed that Ellison rented space in a rooming house. Mail for all occupants of the premises was deposited in a single letter box. Ellison removed a letter from this box containing a check payable to a former tenant and after forging the payee's name cashed the check to secure money for drugs. The court specifically charged the jury that Ellison could not be found guilty unless he knew that the check was stolen when he possessed it, that he forged the payee's name on the stolen check for the purpose of obtaining funds from the United States and that he acted with the intent either to cause loss to another or to bring a gain to himself. The court further charged that drug intoxication could affect the foundation of such intent. These charges were not excepted to.

It is evident on this record that the jury was adequately instructed as to specific intent, which is an essential element of each offense, that defendant's extra-judicial confession and admissions were sufficiently corroborated by other independent evidence, that the letter containing the check was indeed stolen from the mail, and that the proof amply supports each conviction here. Furthermore, we find that the district judge properly concluded that Ellison's extra-judicial confession and admissions were voluntary and admissible, and did not rule upon and thereby impermissibly withdraw any issues of fact from the jury. None of appellants assigned errors are valid. Conequently, the judgment of the district court is

Affirmed.