**UNITED STATES of America**

v.

**Dorothy HESTER, Appellant.**

**No. 78–1408.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 18, 1978.

Decided March 29, 1979.

Stephen J. O'Brien, Washington, D. C., (appointed by this Court), for appellant.

Charles L. Hall, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Michael W. Farrell and Neil I. Levy, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before WRIGHT, Chief Judge, and BAZELON and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant was charged in a three count indictment with forgery of a United States Treasury check (18 U.S.C. § 495),[1] uttering a United States Treasury check with a

---

1. The statute provides:

 Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money; or

 Whoever utters or publishes as true any such false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; . . .

 Shall be fined not more than $1,000 or imprisoned not more than ten years, or both. 18 U.S.C. § 495 (1977).

 The language in § 495 is virtually identical to that in its predecessor, Penal Code, ch. 4, § 29, 35 Stat. 1094 (1909).

forged endorsement (18 U.S.C. § 495), and possession of stolen mail matter (18 U.S.C. § 1708). A jury found appellant guilty on the forgery count. On appeal, she alleges that the District Court erred when it gave the standard "red book" instruction on forgery.[2] The "red book" instruction includes a statement that "[i]t is not necessary that the defendant have acted with intent to defraud the United States or any one else. . . ."[3] The government acknowledges that this portion of the "red book" instruction is incorrect, but maintains that the error was adequately corrected during the trial.

## I

We agree with the parties that the "red book" instruction is incorrect when it states that "intent to defraud" is not an element of forgery. The federal forgery statute does not explicitly include "intent to defraud" as an element.[4] Nevertheless, cases interpreting the statute indicate that an individual cannot be convicted of forgery unless he has "an intent to defraud."

The leading case is *Prussian v. United States*, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610 (1931). The defendant challenged his conviction for forgery because the indict-ment did not explicitly allege "that the forgery was with intent to defraud the United States."[5] The Supreme Court responded:

No such averment is required by the language of § 29 [the predecessor of 18 U.S.C. § 495] relating to forged endorsements. Other provisions of § 29 punish the uttering of a forged writing, or presenting any such writing to an officer of the United States in support of any claim, "with intent to defraud the United States." But the present indictment is not under either of those provisions. The charge is forgery of the endorsement, which is punishable by the different provisions, now in question, if committed merely "for the purpose of obtaining or receiving" from an officer or agent of the United States any sum of money. *This imports an intent to defraud the United States*, which the indictment sufficiently charges in the language of the statute.

282 U.S. at 680, 51 S.Ct. at 225 (emphasis added). Thus, while an indictment for forgery need not explicitly allege in *haec verba* defendant's "intent to defraud the United States," intent to defraud in a slightly different context is an element of the offense,[6]

---

**2.** District of Columbia Bar Association, *Criminal Jury Instructions for the District of Columbia* No. 4.535B (2d ed. 1972). The red book instruction states:

The essential elements of the offense of forgery of a United States Government check, each of which the Government must prove beyond a reasonable doubt, are:
1. That the check was falsely made or altered by the defendant;
2. That the defendant did so for the purpose of obtaining, or enabling any other person to obtain, money from the United States or its officers or agents; and
3. That the instrument was apparently capable of affecting a fraud.

It is not necessary that the defendant have acted with intent to defraud the United States or anyone else, but only that he have acted to obtain money from the United States or enable another person to do so. It is also not necessary that the defendant or anyone else have actually obtained any money from the United States.

The Third Edition of the "red book" has recently been published, and the forgery instruction is unchanged. The court's rendition of this instruction is found at Tr. II 17–18.

**3.** *Id.*

**4.** See n.1, *supra*. Compare the first paragraph, which defines forgery, to the second paragraph, which defines the crime of uttering. Only for uttering is "intent to defraud" explicitly made an element of the offense.

**5.** 282 U.S. at 680, 51 S.Ct. at 225.

**6.** This conclusion is buttressed somewhat by the Supreme Court's opinion in *Gilbert v. United States*, 370 U.S. 650, 652, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962). In *Gilbert* the defendant's forgery conviction was reversed because of an error in the jury instructions. In the course of its opinion, the Court stated that "forgery" under 18 U.S.C. § 495 retains its common law meaning. The Court then quoted Lord East (2 East, Pleas of the Crown 852 (1803)):

*Forgery* at common law denotes a false making . . ., a making *malo animo*, of any written instrument for the purpose of fraud and deceit. . . . [The ancient and mod-

since the statute provides: "Whoever falsely makes [etc.] . . . any . . . writing for the purpose of obtaining . . from the United States . . . any sum of money . . . [s]hall be fined . . or imprisoned . . . or both." The quoted language is merely another way of requiring an intent to defraud.

Since *Prussian*, courts have recognized that intent to defraud is an element of the crime of forgery under 18 U.S.C. § 495. In *United States v. Sonnenberg*, 158 F.2d 911, 915 (3d Cir. 1946), for example, the Court stated that 'in order that a conviction under Section 29 [predecessor of 18 U.S.C. § 495] be sustained, there must be found an intent to defraud the United States." At the same time, the *Sonnenberg* Court recognized that "an indictment is sufficient if the charge is made in the language of the statute without expressly stating an intent to defraud." 158 F.2d at 913 n.2. Similarly, the Fifth Circuit held in *United States v. Romero*, 495 F.2d 1356, 1359 (5th Cir.), *cert. denied*, 419 U.S. 995, 95 S.Ct. 307, 42 L.Ed.2d 267 (1974), that while "the trial judge must instruct the jury on the essential element of intent, . . . the precise phrase '[with] intent to defraud the United States' [need not] appear in counts alleging a violation of Title 18, United States Code, Section 495 . . . ." [7]

Since intent to defraud "is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury." [8] The "red book" instruction, which states that the government need not prove that the defendant had an intent to defraud, is thus in error.

## II

The government concedes that the trial court erred in giving the "red book" instruction. But the government maintains that this error was adequately corrected at the trial. Appellant counters that the trial court's corrections were ambiguous and that the jury's verdict evidences its confusion as to whether the intent to defraud is an element of forgery.

We agree with the government. The trial transcript indicates that on two separate occasions the trial judge told the jury that appellant could only be convicted of forgery if she had an intent to defraud the United States.

1. Initially, the trial court gave the erroneous "red book" instruction.[9] Defendant objected, citing *Prussian*.[10] After listening to defense counsel's argument, the trial court reinstructed the jury as follows:

> I am not sure whether I read this before or not and rather than take a chance that I have not, I would like to read what I think is, again, in both Counts One [forgery] and Two [uttering]. The intent to

ern authorities] all consider the offence as consisting in the false and fraudulent making or altering of such and such instruments. 370 U.S. at 656, 82 S.Ct. at 1402–1403.
Thus, *Gilbert* suggests that an act cannot be forgery unless it is both false and fraudulent.

**7.** Most of the recent cases interpreting the forgery statute were decided by the Fifth Circuit. *See, e. g., United States v. Ellison*, 494 F.2d 43 (5th Cir. 1974); *United States v. Marshall*, 431 F.2d 944, 945 (5th Cir. 1970); *Truitt v. United States*, 409 F.2d 569 (5th Cir. 1969). *Cf. United States v. Goodson*, 502 F.2d 1303, 1308–09 (5th Cir. 1974) in which the court rejected appellant's argument "that the indictment on which he was tried was defective because it failed to allege that the forgery of the endorsements was made with an intent to defraud the United States." The *Goodson* court expressly followed *Prussian*. Its conclusion that the indictment was adequate under *Prussian* is not inconsistent with our holding that intent to de-

fraud is an element of the crime. *See also Bradley v. United States*, 136 U.S.App.D.C. 339, 345–46, 420 F.2d 181, 187–88 (1969).

**8.** *Morissette v. United States*, 342 U.S. 246, 274, 72 S.Ct. 240, 255, 96 L.Ed. 288 (1952). *Accord: Levine v. United States*, 104 U.S.App. D.C. 281, 261 F.2d 747 (1958). *See also United States v. Bryant*, 461 F.2d 912, 920 (6th Cir. 1972) in which the Sixth Circuit stated:
Many criminal statutes expressly include the requirement that the accused specifically intend to have performed a particular criminal act. . . . Many others . . . do not, even though specific intent is an element of the offense. In either case, the jury must be charged fully and accurately on intent.

**9.** Tr. II 17.

**10.** Tr. II 21–25.

defraud is an element of the offense charged.

I would repeat to you that intent to defraud means to act with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to one's self.[11]

The jury then retired to deliberate.

2. Shortly after beginning their deliberations the jury sent a note to the judge asking for a "definition of intent." [12] The trial court responded as follows: [13]

[W]e have your request for re-instruction on definition of intent and definition of reasonable doubt.

I think probably the best thing to do is to read you from the Code the section having to do with forgery or uttering and then we will give you the intent that goes with it.

[The Judge then read selected portions from 18 U.S.C. § 495 dealing with both forgery and uttering, and continued:]

Now, in this, the intent to defraud is the essence of the offense and the intent to defraud means to act with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to one's self.[14]

Again, the jury retired to deliberate.

Appellant maintains that these two instructions were ambiguous for two reasons: (1) in the first correction the Judge prefaced her remarks with "I think"; (2) in both corrections the Court used the singular "offense" rather than plural "offenses" when stating that intent to defraud is an element of the two crimes, arguably implying that intent was an element of only one of the crimes. However, if the Reporter's punctuation is changed so that it reads ". . . in both Counts One and Two, the intent to defraud is an element of the of-

fense charged," it becomes clear that this complaint is without substance. We find the objections to be insubstantial. At most the supplemental instructions might be termed inartful, and that is not a basis for reversal of appellant's conviction. *United States v. Robinson*, 174 U.S.App.D.C. 224, 230, 530 F.2d 1076, 1082 (1976).

In sum, while we agree that the "red book" instruction on forgery is incorrect and that "intent to defraud" is an element of forgery, we believe that the trial court adequately corrected its error. Accordingly, we affirm the judgment.

*Judgment accordingly.*

---

11. Tr. II 25.

12. Tr. II 28; Record 5.

13. Appellant makes a great deal out of the trial judge's apparent confusion as to whether "intent to defraud" is an element of forgery. *See,*

*e. g.* Tr. II 29, 31. We agree with the government that the judge's comments, which were made out of the presence of the jury, are entirely irrelevant.

14. Tr. II 31–32.